# EXHIBIT A

90035
A0029

D-311
Judge John Shepard Wiley Jr

1   GRADSTEIN & MARZANO, P.C.
    HENRY GRADSTEIN (State Bar No. 89747)
2   hgradstein@gradstein.com
    MARYANN R. MARZANO (State Bar No. 96867)
3   mmarzano@gradstein.com
    ROBERT E. ALLEN (State Bar No. 166589)
4   rallen@gradstein.com
    6310 San Vicente Blvd., Suite 510
5   Los Angeles, California 90048
    T: 323-776-3100  F: 323-931-4990
6
    EVAN S. COHEN (State Bar No. 119601)
7   esc@manifesto.com
    1180 South Beverly Drive, Suite 510
8   Los Angeles, California 90035
    T: 310-556-9800  F: 310-556-9801
9
    Attorneys for Plaintiff
10  FLO & EDDIE, INC.

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13          FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

14  FLO & EDDIE, INC., a California          Case No.  BC517032
    corporation, individually and on behalf of all
15  others similarly situated,
                                             CLASS ACTION
16              Plaintiff,
                                             COMPLAINT FOR:
17          v.
                                             1. MISAPPROPRIATION
18  SIRIUS XM RADIO, INC., a Delaware           [Cal Civ. Code § 980(a)(2) and Common
    corporation; and DOES 1 through 100,        Law];
19                                           2. UNFAIR COMPETITION
                Defendants.                      [Cal Bus. & Prof. Code § 17200 and
20                                               Common Law]; AND
                                             3. CONVERSION
21
                                             DEMAND FOR JURY TRIAL
22

23

24

25

26

27

28

FILED
Los Angeles Superior Court

AUG 01 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
    KATAY MORALES

CLASS ACTION COMPLAINT

| | CIT/CASE: LEA/DEFB: | | CIT/CASE: LEA/DEFB: |
|---|---|---|---|
| RECEIVED: | RECEIPT #: CCH446295081 | RECEIVED: | RECEIPT #: CCH446295078 |
| PAYMENT: | DATE PAID: 08/01/13  03:47 PM | PAYMENT: | DATE PAID: 08/01/13  03:44 PM |
| CHECK: $1,000.00 | BC517032 | CHECK: $435.00 | BC517032 |
| CASH: $0.00 | $1,000.00 | CASH: $0.00 | $435.00 |
| CHANGE: $0.00 | 310 | CHANGE: $0.00 | 310 |
| CARD: $0.00 | | CARD: $0.00 | |

1    Plaintiff FLO & EDDIE, INC. ("Plaintiff" or "Flo & Eddie") files this class action

2  Complaint on behalf of itself and on behalf of all other similarly situated owners of sound

3  recordings of musical performances that initially were "fixed" (*i.e.*, recorded) prior to February 15,

4  1972 (the "Pre-1972 Recordings") against Defendants SIRIUS XM RADIO, INC. ("Defendant" or

5  "SiriusXM") and DOES 1-100, and alleges as follows:

6                              **NATURE OF THE ACTION**

7    1.    California Civil Code Section 980 (a)(2) provides that "[t]he author of an original

8  work of authorship consisting of a sound recording initially fixed prior to February 15, 1972, has

9  an exclusive ownership therein until February 15, 2047, as against all persons except one who

10  independently makes or duplicates another sound recording that does not directly or indirectly

11  recapture the actual sounds fixed in such prior sound recording, but consists entirely of an

12  independent fixation of other sounds, even though such sounds imitate or simulate the sounds

13  contained in the prior sound recording." The unauthorized duplication and exploitation of Pre-

14  1972 Recordings in California constitutes misappropriation, unfair competition and conversion.

15    2.    The principals of Flo & Eddie, Mark Volman and Howard Kaylan, have been

16  performing together as The Turtles since 1965 and have recorded numerous iconic hits including

17  "Happy Together," "It Ain't Me Babe," "She'd Rather Be With Me," "You Baby," "She's My

18  Girl," "Elenore," and many others. Since approximately 1971, Flo & Eddie has owned the entire

19  catalog of 100 original master recordings by The Turtles, all of which were recorded prior to

20  February 15, 1972. Notwithstanding the absence of any license or authorization from Plaintiff,

21  The Turtles recordings can be heard every hour of every day by subscribers in California to the

22  satellite and Internet services owned by Defendant known as "Sirius Satellite Radio," "XM

23  Satellite Radio" and "SiriusXM Satellite Radio" (individually and collectively, the "Service").

24  Plaintiff Flo & Eddie brings this class action on its own behalf and on behalf of all other similarly

25  situated owners of Pre-1972 Recordings (the "Class" or "Class Members") to put an end to

26  SiriusXM's wholesale misappropriation of their Pre-1972 Recordings and to obtain damages,

27  including punitive damages.

28    3.    The Service is a highly profitable business which engages in the large-scale

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD, SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

1  distribution and public performance of sound recordings to over 24 million subscribers. The
2  Service is distributed in California to its subscribers through (a) satellite digital transmission
3  directly to subscribers via digital radios manufactured or licensed by SiriusXM; (b) satellite digital
4  transmission to subscribers of other services, such as DIRECTV Satellite Television Service and
5  Dish Network Satellite Television Service via digital set top boxes manufactured or licensed by
6  DIRECTV or Dish; and (c) the Internet, by way of (i) digital media streaming devices, such as
7  Roku, digital radios and home audio systems, such as Sonos; (ii) its website at
8  www.SiriusXM.com; or (iii) computer, smart phone and other mobile applications for various
9  operating systems, including Apple iOS, Android, Windows, Blackberry and HP webOS. In
10  furtherance of the Service, SiriusXM, without any license or authority, has copied Plaintiff's and
11  each Class Members' Pre-1972 Recordings onto the Service's central server(s) and makes such
12  copies available to its subscribers in California. SiriusXM publicly performs these recordings in
13  California via streaming audio transmission through the Service for a fee as part of a subscription
14  plan that currently includes up to 72 different music channels. As part of the Service, many
15  subscribers in California are also able to: (A) download the stream of a selected channel on the
16  Service, allowing later or multiple listenings of the sound recordings previously streamed during
17  the selected time period; (B) download particular sound recordings, allowing later or multiple
18  listenings of such sound recordings; (C) download particular programs incorporating sound
19  recordings as part of the Service's "On Demand" feature, allowing later or multiple listenings of
20  such sound recordings; and (D) allow subscribers to pause, rewind and replay sound recordings
21  using the Service's "Replay" feature.
22       4.   Simply stated, SiriusXM has disregarded the Plaintiff's and other Class Members'
23  "exclusive ownership" of their Pre-1972 Recordings in California, impaired their ability to sell,
24  lawfully exploit, or otherwise control their Pre-1972 Recordings as permitted under California law
25  and misappropriated same for its own financial gain. SiriusXM's conduct is causing, and will
26  continue to cause, enormous and irreparable harm to Plaintiff and the other Class Members unless
27  compensatory and punitive damages are awarded against SiriusXM and it is enjoined and
28  restrained from engaging in further misappropriation of the Pre-1972 Recordings.

GRADSTEIN & MARZANO, P.C.
6310 San Vicente Blvd, Suite 510
Los Angeles, California 90048
Telephone: 323-776-3100

## THE PARTIES, JURISDICTION AND VENUE

5.    Plaintiff Flo & Eddie is a corporation duly organized and existing under the laws of California, with its principal place of business in Los Angeles, California. Plaintiff is engaged in the business of distributing, selling, and/or licensing the reproduction, distribution, sale, and performance of its Pre-1972 Recordings in phonorecords, in audiovisual works, and for streaming (*i.e.*, performing) and downloading over the Internet. Plaintiff invests substantial money, time, effort, and creative talent in creating, advertising, promoting, selling, and licensing its unique and valuable sound recordings.

6.    Plaintiff possesses exclusive ownership rights in The Turtles Pre-1972 Recordings, the titles of which are specified on the schedule attached hereto as Exhibit A and incorporated herein by reference ("Plaintiff's Recordings"). The United States Congress expressly has recognized that the states provide exclusive protection through various state law doctrines to recordings "fixed" before February 15, 1972, and that the federal Copyright Act does not "annul[] or limit[]those rights until February 15, 2067." 17 U.S.C. § 301(c). Accordingly, as quoted above, California Civil Code § 980(a)(2) protects the exclusive ownership of Plaintiff and the other Class Members to their Pre-1972 Recordings in California.

7.    Upon information and belief, Defendant SiriusXM is a corporation duly organized and existing under the laws of Delaware, with its principal place of business in New York, New York, with offices throughout California, including, without limitation, in Glendale, California and Long Beach, California. The Court has personal jurisdiction over Defendant in that Defendant has multiple offices in Los Angeles County, Defendant is engaged in tortious conduct in California, and Defendant's conduct causes injury to Plaintiff and the other Class Members in California. Venue of this action is proper in Los Angeles County in that Defendant maintains offices in Los Angeles County.

8.    The true names and capacities, whether individual, corporate, associate or otherwise, of defendants named herein as Does 1 through 100, inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names (the "Doe Defendants"). Plaintiff will amend this Complaint to allege their true names and capacities when such have been ascertained.

GRADSTEIN & MARZANO, P.C.
6310 San Vicente Blvd, Suite 510
Los Angeles, California 90048
Telephone: 323-776-3100

3

1 Upon information and belief, each of the Doe Defendants herein is responsible in some manner for

2 the occurrences herein alleged, and Plaintiff's injuries and those of the other Class Members as

3 herein alleged were proximately caused by such defendants' acts or omissions. (All of the

4 Defendants, including the Doe Defendants, collectively are referred to as "Defendants").

5 ## CLASS ACTION ALLEGATIONS

6     9.    Plaintiff brings this action as a class action pursuant to Section 382 of the California

7 Code of Civil Procedure on behalf of itself and the other Class Members defined as the owners of

8 Pre-1972 Recordings reproduced, performed, distributed or otherwise exploited by Defendants in

9 California without a license or authorization to do so during the period from August 1, 2009 to the

10 present. Plaintiff reserves the right to modify this definition of the Class after further discovery;

11 the Court may also be requested to utilize and certify subclasses in the interests of ascertainability,

12 manageability, justice and/or judicial economy.

13     10.    This action may be properly brought and maintained as a class action because there

14 is a well-defined community of interest in the litigation and the Class Members are readily

15 ascertainable from Defendant SiriusXM's database files and records. Plaintiff is informed and

16 believes, and on that basis alleges, that Defendants have engaged Rovi Corporation to supply the

17 metadata, including the metadata relating to Pre-1972 Recordings unlawfully streamed to

18 subscribers in California, and that such metadata contains the name and location of the owners

19 thereof. The Class members are further ascertainable through methods typical of class action

20 practice and procedure.

21     11.    Plaintiff is informed and believes, and alleges thereon, that the Pre-1972 Recordings

22 misappropriated in California by Defendants number in the millions and are owned by many

23 thousands of Class Members. It is therefore impractical to join all of the Class Members as named

24 Plaintiffs. Further, the claims of the Class Members may range from smaller sums to larger sums.

25 Accordingly, using the class action mechanism is the most economically feasible means of

26 determining and adjudicating the merits of this litigation.

27     12.    The claims of Plaintiff are typical of the claims of the Class Members, and Plaintiff's

28 interests are consistent with and not antagonistic to those of the other Class Members it seeks to

GRADSTEIN & MARZANO, P.C.
6310 San Vicente Blvd, Suite 510
Los Angeles, California 90048
Telephone: 323-776-3100

4

1   represent. Plaintiff and the other Class Members have all been subject to misappropriation of their
2   Pre-1972 Recordings in California, have sustained actual pecuniary loss and face irreparable harm
3   from Defendants' continued misappropriation of their Pre-1972 Recordings.

4       13.   Plaintiff has no interests that are adverse to, or which conflict with, the interests of
5   the other Class Members and is ready and able to fairly and adequately represent and protect the
6   interests of the other Class Members. Plaintiff believes strongly in the protection of artists' rights
7   in connection with their creative work. Plaintiff has raised viable claims for misappropriation,
8   unfair competition and conversion of the type well established in California and reasonably
9   expected to be raised by Class Members. Plaintiff will diligently pursue those claims. If
10  necessary, Plaintiff may seek leave of the Court to amend this Complaint to include additional
11  class representatives to represent the Class or additional claims as may be appropriate. Plaintiff is
12  represented by experienced, qualified and competent counsel who are committed to prosecuting
13  this action.

14      14.   Common questions of fact and law exist as to all Class Members that plainly
15  predominate over any questions affecting only individual Class Members. These common legal
16  and factual questions, which do not vary from Class Member to Class member, and which may be
17  determined without reference to the individual circumstances of any Class Member include,
18  without limitation, the following:

19          (A)   Whether Defendant SiriusXM reproduced, performed, distributed or
20  otherwise exploited Pre-1972 Recordings in the California;

21          (B)   Whether Defendant SiriusXM's reproduction, performance, distribution or
22  other exploitation of Pre-1972 Recordings in California constitutes misappropriation under
23  California Civil Code Section 980(a)(2);

24          (C)   Whether Defendant SiriusXM's reproduction, performance, distribution or
25  other exploitation of Pre-1972 Recordings in the California constitutes unlawful or unfair
26  business acts or practices in violation of California Business & Professions Code Section
27  17200;

28          (D)   Whether Defendant SiriusXM's reproduction, performance, distribution or

GRADSTEIN & MARZANO, P.C.
6310 San Vicente Blvd, Suite 510
Los Angeles, California 90048
Telephone 323-776-3100

5

1  other exploitation of Pre-1972 Recordings in California constitutes conversion under

2  California common law;

3      (E)    The basis on which restitution and/or damages to all injured members of the

4  Class can be computed;

5      (F)    Whether Defendant SiriusXM's violation of California Civil Code Section

6  980(a)(2) entitles the Class Members to recover punitive damages;

7      (G)    Whether Defendant SiriusXM's violation of California Civil Code Section

8  980(a)(2) is continuing, thereby entitling Class Members to injunctive or other equitable

9  relief;

10      (H)    Whether Defendant SiriusXM's violation of California Business &

11  Professions Code § 17200 entitles the Class Members to recover punitive damages;

12      (I) Whether Defendant SiriusXM's violation of California Business & Professions

13  Code § 17200 is continuing, thereby entitling Class Members to injunctive or other relief;

14      (J) Whether Defendant SiriusXM's violation of California's common law of

15  conversion entitles Class Members to recover punitive damages; and

16      (K)    Whether Defendant SiriusXM's violation of California's common law of

17  conversion is continuing, thereby entitling Class Members to injunctive or other relief.

18      15.    A class action is superior to all other available methods for the fair and efficient

19  adjudication of this controversy, since individual litigation of the claims of all Class Members is

20  highly impractical. Even if every Class Member could afford to pursue individual litigation, the

21  Court system could not. It would be unduly burdensome to the courts in which individual

22  litigation of numerous cases would proceed. Individualized litigation would also present the

23  potential for varying, inconsistent or contradictory judgments and would magnify the delay and

24  expense to all parties and to the court system resulting from multiple trials of the same factual

25  issues. By contrast, maintenance of this action as a class action, with respect to some or all of the

26  issues presented herein, presents few management difficulties, conserves the resources of the

27  parties and of the court system, and protects the rights of each Class Member. Plaintiff anticipates

28  no difficulty in the management of this action as a class action.

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD, SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

16. Additionally, the prosecution of separate actions by individual Class Members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class Members not parties to such adjudications or that would substantially impair or impede the ability of such nonparty Class Members to protect their interests. The prosecution of individual actions by Class Members could establish inconsistent results and incompatible standards of conduct for Defendant SiriusXM.

17. Defendants have engaged in misappropriation, unfair competition and conversion which has affected all of the Class Members such that final and injunctive relief on behalf of the Class as a whole is efficient and appropriate.

## FIRST CAUSE OF ACTION

**(For Violation of California Civil Code § 980(a)(2) and Common Law Misappropriation)**

18. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 17, above, as though set forth in full herein.

19. Plaintiff and the other Class Members have exclusive ownership of their Pre-1972 Recordings in California pursuant to California Civil Code § 980(a)(2) quoted above and under California common law. By their conduct alleged above, Defendants have violated Plaintiff's and each Class Members' right to exclusive ownership of their Pre-1972 Recordings. The Plaintiff and Class Members have invested substantial time and money in the development of their Pre-1972 Recordings.

20. The Defendants have misappropriated the Pre-1972 Recordings at little or no cost and without license or authority. They have copied the Pre-1972 Recordings owned by Plaintiff and the other Class Members and publicly perform these recordings in California for their subscribers as set forth in paragraph 3, above. Defendants have disregarded the Plaintiff's and other Class Members' "exclusive ownership" of their Pre-1972 Recordings, impaired their ability to sell, lawfully exploit, or otherwise control their Pre-1972 Recordings and misappropriated these Pre-1972 Recordings for their own financial gain.

21. As a direct and proximate consequence of Defendants' misappropriation of the Pre-1972 Recordings owned by Plaintiff and the Class Members in violation of Civil Code § 980(a)(2)

GRADSTEIN & MARZANO, P.C.
6310 San Vicente Blvd, Suite 510
Los Angeles, California 90048
Telephone 323-776-3100

7

1  as alleged above, Plaintiff and the Class Members have been damaged in an amount that is not as

2  yet fully ascertained but which Plaintiff is informed and believes, and alleges thereon, exceeds

3  $100,000,000, according to proof.

4        22.    Plaintiff is informed and believes, and alleges thereon, that in engaging in the

5  conduct described above, the Defendants acted with oppression, fraud and/or malice. The conduct

6  of the Defendants has been despicable and undertaken in conscious disregard of the Plaintiff's and

7  each Class Member's rights. Accordingly, Plaintiff and the Class members are entitled to an

8  award of punitive damages against Defendants in an amount sufficient to punish and make an

9  example of them according to proof.

10       23.    Defendants' conduct is causing, and unless enjoined and restrained by this Court,

11  will continue to cause, Plaintiff and each Class Member great and irreparable injury that cannot

12  fully be compensated or measured in money. Plaintiff and the other Class Members are entitled to

13  temporary, preliminary and permanent injunctions, prohibiting further violation of Plaintiff's and

14  Class Members' exclusive ownership of their Pre-1972 Recordings in California.

15                        **SECOND CAUSE OF ACTION**

16             **(For Statutory and Common Law Unfair Competition)**

17       24.    Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 23,

18  above, as though set forth herein.

19       25.    The acts and conduct of Defendants alleged above constitute an appropriation and

20  invasion of the property rights of Plaintiff and each Class Member to their Pre-1972 Recordings in

21  California, and constitute unfair competition under California Business & Professions Code §

22  17200 and common law. Defendants have engaged in unfair competitive business practices

23  forbidden by law.

24       26.    As a direct and proximate result of Defendants' conduct, Plaintiff and the Class

25  Members are entitled to recover all proceeds and other compensation received or to be received by

26  Defendants from their misappropriation of the Pre-1972 Recordings. Plaintiff and the members of

27  the Class have been damaged, and Defendants have been unjustly enriched, in an amount that is

28  not as yet fully ascertained but which Plaintiff is informed and believes, and alleges thereon,

GRADSTEIN & MARZANO, P.C.
6310 San Vicente Blvd, Suite 510
Los Angeles, California 90048
Telephone: 323-776-3100

1  exceeds $100,000,000, according to proof at trial. Such damages and/or restitution and

2  disgorgement should include a declaration by this Court that Defendants are constructive trustees

3  for the benefit of Plaintiff and the other Class Members, and an order that Defendants convey to

4  Plaintiff and Class Members the gross receipts received or to be received that are attributable to

5  Defendants misappropriation of the Pre-1972 Recordings.

6        27.   Plaintiff is informed and believes, and alleges thereon, that in engaging in the

7  conduct as described above, the Defendants acted with oppression, fraud and/or malice. The

8  conduct of the Defendants has been despicable and undertaken in conscious disregard of

9  Plaintiff's rights. Accordingly, Plaintiff and the Class Members are entitled to an award of

10  punitive damages against Defendants, and each of them, in an amount sufficient to punish and

11  make an example of them according to proof at trial.

12        28.   Defendants' conduct is causing, and unless enjoined and restrained by this Court,

13  will continue to cause, Plaintiff and the Class Members great and irreparable injury that cannot

14  fully be compensated or measured in money. Plaintiff and the other Class Members are entitled to

15  temporary, preliminary and permanent injunctions, prohibiting further violation of Plaintiff's and

16  the other Class Members right to exclusive ownership of their Pre-1972 Recordings and further

17  acts of unfair competition pursuant to California Business & Professions Code § 17203.

18                           **THIRD CAUSE OF ACTION**

19                              **(For Conversion)**

20        29.   Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 28,

21  above, as though set forth in full herein.

22        30.   Plaintiff and each Class Member are, and at relevant times were, the exclusive

23  owner of all right, title and interest in and to their Pre-1972 Recordings and possession thereof in

24  California.

25        31.   By their acts and conduct alleged above, Defendants have converted Plaintiff's and

26  the Class Members' property rights in their Pre-1972 Recordings for Defendants' own use and

27  wrongful disposition for financial gain.

28        32.   As a direct and proximate result of Defendants' conversion, Plaintiff and the

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD, SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE 323-776-3100

1  members of the Class have been damaged, and Defendants have been unjustly enriched, in an

2  amount that is not as yet fully ascertained but which Plaintiff is informed and believes, and alleges

3  thereon, exceeds $100,000,000 according to proof at trial.  Defendants are constructive trustees for

4  the benefit of Plaintiff and Class Members, and the Court should order Defendants to convey to

5  Plaintiff and the Class Members the gross receipts received or to be received from Defendants

6  misappropriation of the Pre-1972 Recordings.

7      33.   Plaintiff is informed and believes, and based thereon alleges, that in engaging in the

8  conduct as described above, the Defendants acted with oppression, fraud and/or malice.  The

9  conduct of the Defendants has been despicable and undertaken in conscious disregard of

10  Plaintiff's rights.  Accordingly, Plaintiff and each member of the Class is entitled to an award of

11  punitive damages against defendants, and each of them, in an amount sufficient to punish and

12  make an example of them according to proof at trial.

13      34.   Defendants' conduct is causing, and unless enjoined and restrained by this Court will

14  continue to cause, Plaintiff and the Class Members great and irreparable injury that cannot fully be

15  compensated or measured in money.  Plaintiff and each Class Member are entitled to temporary,

16  preliminary and permanent injunctions prohibiting further acts of conversion of their Pre-1972

17  Recordings.

18  **PRAYER FOR RELIEF**

19      WHEREFORE, Plaintiff, on behalf of itself and the other Class Members, prays for

20  Judgment against Defendants, and each of them, as follows:

21  **Regarding the Class Action:**

22     1.  That this is a proper class action maintainable pursuant to the applicable provisions of the

23      California Code of Civil Procedure; and

24     2.  That the named Plaintiff is appropriate to be appointed representative of the respective

25      Class.

26  **On The First Cause of Action For Misappropriation against all Defendants:**

27     1.  For compensatory damages in excess of $100,000,000 according to proof at trial;

28     2.  Punitive and exemplary damages according to proof trial; and

GRADSTEIN & MARZANO, P.C.
6310 San Vicente Blvd., Suite 510
Los Angeles, California 90048
Telephone: 323-776-3100

10

3. A temporary, preliminary, and permanent injunction enjoining and restraining Defendants, and their respective agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, successors, assigns, and those acting in concert with them or at their direction, from directly or indirectly misappropriating in any manner the Pre-1972 Recordings in California, including without limitation by directly or indirectly copying, reproducing, downloading, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing, or otherwise exploiting in any manner any of the Pre-1972 Recordings.

**On The Second Cause of Action For Unfair Competition against all Defendants:**

1. For compensatory damages in excess of $ 100,000,000 according to proof at trial;

2. Punitive and exemplary damages according to proof at trial;

3. Imposition of a constructive trust;

4. Restitution of Defendants' unlawful proceeds, including Defendants' gross profits; and

5. A temporary, preliminary, and permanent injunction enjoining and restraining Defendants, and their respective agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, successors, assigns, and those acting in concert with them or at their direction, from directly or indirectly misappropriating in any manner the Pre-1972 Recordings, including without limitation by directly or indirectly copying, reproducing, downloading, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing, or otherwise exploiting in any manner any of the Pre-1972 Recordings.

**On The Third Cause of Action For Conversion against all Defendants:**

1. For compensatory damages in excess of $100,000,000 according to proof at trial;

2. Punitive and exemplary damages according to proof at trial;

3. Imposition of a constructive trust;

4. Restitution of Defendants' unlawful proceeds, including Defendants' gross profits; and

5. A temporary, preliminary, and permanent injunction enjoining and restraining Defendants, and their respective agents, servants, directors, officers, principals, employees,

11

GRADSTEIN & MARZANO, P.C.
6310 San Vicente Blvd, Suite 510
Los Angeles, California 90048
Telephone: 323-776-3100

representatives, subsidiaries and affiliated companies, successors, assigns, and those acting

in concert with them or at their direction, from directly or indirectly infringing in any

manner any right in any and all of the Pre-1972 Recordings, including without limitation

by directly or indirectly copying, reproducing, downloading, distributing, communicating

to the public, uploading, linking to, transmitting, publicly performing, or otherwise

exploiting in any manner any of the Pre-1972 Recordings.

**On All Causes of Action:**

1.  For reasonable attorneys' fees and costs as permitted by law;

2.  For prejudgement interest at the legal rate; and

3.  For such other and further relief as the Court deems just and proper.

DATED: July 31, 2013

GRADSTEIN & MARZANO, P.C.
HENRY GRADSTEIN
MARYANN R. MARZANO
ROBERT E. ALLEN
 -and-
EVAN S. COHEN

By: _____
    Henry Gradstein
    Attorneys for Plaintiff
    FLO & EDDIE, INC.

GRADSTEIN & MARZANO, P.C.
6310 San Vicente Blvd, Suite 510
Los Angeles, California 90048
Telephone: 323-776-3100

12

CLASS ACTION COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff, individually and on behalf of the Class Members, demands a trial by jury of the causes of action alleged in this Complaint.

DATED: July 31, 2013

GRADSTEIN & MARZANO, P.C.
HENRY GRADSTEIN
MARYANN R. MARZANO
ROBERT E. ALLEN
 -and-
EVAN S. COHEN

By: _____
　　　　　Henry Gradstein
　　　　Attorneys for Plaintiff
　　　　FLO & EDDIE, INC.

GRADSTEIN & MARZANO, P.C.
6310 San Vicente Blvd., Suite 510
Los Angeles, California 90048
Telephone: 323-776-3100

Exhibit A

(1) All My Problems
(2) Almost There
(3) Bachelor Mother
(4) Ball Bearing, Fall Bearing World
(5) Battle Of The Bands
(6) Buzz Saw
(7) Can I Go On
(8) Can't I Get To Know You Better
(9) Can't You Hear The Cows
(10) Cat In The Window
(11) Chicken Little Was Right
(12) Chief Kamanawanalea
(13) Christmas Is My Time Of Year
(14) Come Back
(15) Come Over
(16) Dance This Dance With Me
(17) Down In Suburbia
(18) Earth Anthem
(19) Elenore
(20) Eve Of Destruction
(21) Flyin' High
(22) Foggy Water
(23) Food
(24) Gas Money
(25) Get Away
(26) Give Love A Trial
(27) Glitter and Gold
(28) Good Bye Surprise
(29) The Grim Reaper of Love
(30) Guide For A Married Man
(31) Happy Together
(32) Hot Little Hands
(33) House Of Pain
(34) House On The Hill
(35) How You Loved Me
(36) I Can't Stop
(37) I Get Out Of Breath
(38) I Know That You'll Be There
(39) I Need Someone
(40) If Only I Had The Time
(41) I'm The Man
(42) Is It Any Wonder
(43) It Ain't Me Babe
(44) It Was A Very Good Year
(45) John & Julie
(46) Just A Room
(47) Lady-O
(48) Last Laugh
(49) Last Thing I Remember
(50) Let Me Be
(51) Let The Cold Winds Blow
(52) Let's Pack & Beat It
(53) Like A Rolling Stone
(54) Like It Or Not
(55) Like The Seasons

(56) Love In The City
(57) Love Minus Zero
(58) Makin' My Mind Up
(59) Me About You
(60) Oh, Daddy
(61) On A Summer's Day
(62) Person Without A Care
(63) Rugs Of Woods & Flowers
(64) Say Girl
(65) Scottish Song
(66) She Always Leaves Me Laughing
(67) She Cried Wrong From The Start
(68) She'd Rather Be With Me
(69) She'll Come Back
(70) She's My Girl
(71) So Goes Love
(72) So You Want To Be A Woman
(73) Somewhere Friday Night
(74) Song For You
(75) Sound Asleep
(76) Strangers Are Our Brothers
(77) Strangers Are Our Friends
(78) Story Of Rock & Roll
(79) Surfer Dan
(80) Teardrops
(81) Think I'll Run Away
(82) There You Sit Lonely
(83) Tie Me Down
(84) Too Much Heartsick Feelin'
(85) Too Young To Be One
(86) Turn Between Temptations
(87) Umbassa And The Dragon
(88) Walk In The Sun
(89) Walkin' Song
(90) War Of Germany
(91) We Ain't Gonna Party No More
(92) We Both Were Young
(93) We'll Meet Again
(94) Who Would Ever Think That I Would Marry Margaret
(95) Wrong From The Start
(96) You Baby
(97) You Don't Have To Walk In The Rain
(98) You Know What I Mean
(99) You Showed Me
(100) Your Maw Said You Cried

SCHEDULE A

EX. A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, S    number, and address):* | FOR COURT USE ONLY |
|---|---|
| GRADSTEIN & MARZANO, P.C.    Henry Gradstein (SBN 89747)<br>Maryann R. Marzano (SBN 96867); Robert E. Allen (SBN 166589)<br>6310 San Vicente Boulevard, Suite 510<br>Los Angeles, California 90048<br>TELEPHONE NO.: (323) 776-3100     FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff FLO & EDDIE, INC. | **FILED**<br>Los Angeles Superior Court<br><br>AUG 01 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>KATHY MORALES |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: FLO & EDDIE, INC. v. SIRIUS XM RADIO, INC. et al.

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☒ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **BC517032**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>☒ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35)<br>**Employment**<br>☐ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37)<br>**Real Property**<br>☐ Eminent domain/Inverse<br>condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26)<br>**Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02)<br>☐ Other judicial review (39) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |

2. This case ☒ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
factors requiring exceptional judicial management:
   a. ☒ Large number of separately represented parties    d. ☒ Large number of witnesses
   b. ☒ Extensive motion practice raising difficult or novel  e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☒ Substantial amount of documentary evidence       f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☒ punitive
4. Number of causes of action *(specify):*
5. This case ☒ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: August 1, 2013
MARYANN R. MARZANO                                  ▶ _____
_____                      _____
(TYPE OR PRINT NAME)                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                                                            Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36) Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE:<br>FLO & EDDIE, INC. v. SIRIUS XM RADIO, INC., et al. | CASE NUMBER<br>BC517092 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☒ YES   LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL ___15___ ☐ HOURS/ ☒ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4


American LegalNet, Inc.
www.FormWorkFlow.com

| SHORT TITLE:<br>FLO & EDDIE, INC. v. SIRIUS XM RADIO, INC., et al. | | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property<br>Damage/ Wrongful Death Tort** | Business Tort (07) | ☒ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse<br>Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial<br>(31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential<br>(32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-<br>Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |



SHORT TITLE:
FLO & EDDIE, INC. v. SIRIUS XM RADIO, INC., et al.

CASE NUMBER

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| Other Judicial Review (39) | ☐ A6150  Other Writ/Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | ☐ A6160  Abstract of Judgment | 2., 6. |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | ☐ A6190  Election Contest | 2. |
| | ☐ A6110  Petition for Change of Name | 2., 7. |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**


American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: FLO & EDDIE, INC. v. SIRIUS XM RADIO, INC., et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>Flo & Eddie, Inc.<br>1180 South Beverly Drive<br>Suite 510 |
|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90035 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____ STANLEY MOSK _____ courthouse in the CENTRAL _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: August 1, 2013

(SIGNATURE OF ATTORNEY/FILING PARTY)
MARYANN R. MARZANO

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

American LegalNet, Inc.
www.FormsWorkFlow.com