UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#30/31

CIVIL MINUTES - GENERAL

| Case No. | CV 13-5693 PSG (RZx) | Date | December 3, 2013 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Sirius XM Radio Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:   (In Chambers) Order DENYING Motion to Transfer Venue**

Before the Court is Defendant Sirius XM Radio Inc.'s ("Sirius XM") motion to transfer venue to the Southern District of New York, pursuant to 28 U.S.C. § 1404(a).  Dkt. # 30.  The Court held a hearing on this matter on December 2, 2013.  Having considered the arguments in the moving, opposing, and reply papers, as well as those raised at oral argument, the Court DENIES the motion.

I.   Background

Plaintiff Flo & Eddie, Inc. ("Plaintiff") filed this putative class action in state court on August 1, 2013, alleging that Sirius XM had unlawfully exploited certain audio recordings made before February 15, 1972 (the "Pre-1972 Recordings") by duplicating and broadcasting those audio recordings through its satellite and internet radio service.  *Complaint* ¶¶ 1-2.  Plaintiff claims that the class members own the rights to the Pre-1972 Recordings under California Civil Code § 980(a)(2) and California common law.  *Id.* ¶ 6.  Plaintiff asserts causes of action for: (1) misappropriation, (2) unfair competition, and (3) conversion.  *Id.* ¶¶ 18-34.

Sirius XM removed this case to federal court on August 6, 2013.  Dkt. # 1.

On August 16, 2013, and September 3, 2013, Plaintiff filed similar suits in the Southern District of New York (the "New York action") and the Southern District of Florida (the "Florida action"), respectively, raising corresponding claims under New York and Florida state law.  *See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#30/31

CIVIL MINUTES - GENERAL

| Case No. | CV 13-5693 PSG (RZx) | Date | December 3, 2013 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Sirius XM Radio Inc. | | |

*Flo & Eddie, Inc. v. Sirius XM Radio, Inc., et al.*, No. CV 13-5784 CM (S.D.N.Y.); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc., et al.*, No. CV 13-23182 KMM (S.D. Fla.).

Two other related cases have been filed by different plaintiffs. *Capitol Records LLC, et al. v. Sirius XM Radio Inc., et al.*, BC 520981 (Cal. Super. Ct.) (the "*Capitol Records* action") was filed on September 11, 2013 in California state court by five major recording companies, and is essentially identical to this case.

*SoundExchange, Inc. v. Sirius XM Radio Inc.*, No. CV 13-1290 RJL (D.D.C.) (the "*SoundExchange* action") was filed on August 26, 2013 in the District of the District of Columbia. That case is somewhat related to the three *Flo & Eddie* cases and the *Capitol Records* action, but is based on a different theory of liability arising out of the federal Copyright Act and Copyright Royalty Board regulations.

Sirius XM has moved to transfer this case to the Southern District of New York, pursuant to 28 U.S.C. § 1404(a). Dkt. # 30.

II.   Legal Standard

Under 28 U.S.C. § 1404(a), a district court has the discretion to transfer a civil action to any other district in which the action might have been filed "[f]or the convenience of the parties and witnesses, [and] in the interest of justice." Although § 1404(a) only explicitly defines three factors—the convenience of the parties, the convenience of witnesses, and the interest of justice—the Ninth Circuit has explained that district courts may consider factors used in the forum non conveniens context:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. . . . [as well as (9)] the relevant public policy of the forum state[.]

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The district court may also consider factors such as (10) relative court congestion, (11) "the local interest in having localized controversies decided at home," and (12) "the unfairness of burdening citizens in an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#30/31

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-5693 PSG (RZx) | Date | December 3, 2013 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Sirius XM Radio Inc. | | |

unrelated forum with jury duty." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

The burden is on the moving party to show that transfer is appropriate. *See CFTC v. Savage*, 622 F.2d 270, 279 (9th Cir. 1979). Overall, § 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation and internal quotation marks omitted).

III. Discussion

   A.   Jurisdiction and Venue in the Southern District of New York

The parties agree that this case could have been properly filed in the Southern District of New York. *See Mem.* 7:1-7:14; *Opp.* 6:14-6:20.

   B.   Convenience of the Parties and Party Witnesses

These factors are neutral. Plaintiff is a California corporation whose day-to-day operations are managed in Los Angeles by its employee Evan Cohen. *See Opp.* 7:23-7:28. Sirius XM is headquartered in New York. *See Mem.* 8:8:15-8:18. It has identified three employees as likely witnesses in this case: Terrence R. Smith, Corporate Vice President & Chief Engineering Officer with responsibility for Broadcast Operations and Engineering; Robert Law, Senior Vice President & General Manager, Streaming Services and Products; and Steven Blatter, Senior Vice President & General Manager, Music Programming. *See id.* 8:19-9:2. All three likely Sirius XM witnesses are based in New York. *See id.*

Sirius XM argues that the locations of Plaintiff's principals should also be considered in this analysis. *See Mem.* 9:9-10:5. Plaintiff, on the other hand, argues that the location of its principals is irrelevant. *See Opp.* 14:27-15:2. Mark Volman resides in Tennessee. *See Mem.* 9:13-9:14. Howard Kaylan resides in Washington state, and tours through the United States. *See id.* 9:14-10:1. This dispute is not material to the Court's decision. Both New York and California are inconvenient from Tennessee, and it would likely be inconvenient for Kaylan to come to either forum from Washington or during the course of a tour.

In short, whether this case proceeds in California or New York, one of the parties, and its party witnesses, will need to travel during the course of the litigation. In fact, it appears that both parties will have to travel, notwithstanding the venue of this case, because Plaintiff is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#30/31

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5693 PSG (RZx) | Date | December 3, 2013 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Sirius XM Radio Inc. | | |

litigating the New York action in New York and Sirius XM is facing the *Capitol Records* action in California. Moreover, the convenience of party witnesses, as opposed to third parties, is accorded little weight in the transfer analysis. *See Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 1109, 1132 (C.D. Cal. 2009). Under the circumstances, the Court finds that the party convenience factors are neutral.

      C.      Convenience of Third Party Witnesses and the Availability of Compulsory Process

These factors weigh in favor of transfer. Sirius XM states that it will likely subpoena three third party witnesses: the Recording Industry Association of America ("RIAA") (based in Washington, D.C.); SoundExchange, Inc. ("SoundExchange") (based in Washington, D.C.); and the American Association of Independent Music ("AAIM") (based in New York). *Mem.* 10:10-10:23. Based on the proximity between New York and Washington, D.C., Sirius XM argues that the convenience of third party witnesses favors transfer to New York. *Id.* Sirius XM also notes that if this case is transferred, compulsory process will be available against AAIM. *Id.*

The Court agrees with Sirius XM on these points. The Court is not persuaded by Plaintiff's arguments that the three identified third party witnesses are not material to the case, or may be willing to provide documents and depositions without subpoenas. *See Opp.* 11:25-12:3, 12:14-13:2. From the discussion at oral argument, it appears that the discovery from RIAA, SoundExchange, and AAIM may be central to Sirius XM's affirmative defenses, and even if the third parties are willing to provide discovery, it appears that it would be more convenient for them to do so in New York than in California. The Court is also not persuaded that Sirius XM has not adequately identified the third party witnesses it may call. *See Opp.* 12:4-12:13.

      D.      Relevant Agreements

This factor is neutral. The parties agree that there are no relevant agreements in this case. *See Mem.* 11:5-11:8; *Opp.* 23:3-23:6.

      E.      Familiarity with the Governing Law

This factor is neutral. To the extent Plaintiff's claims relate to federal copyright law, this Court and the Southern District of New York are equally capable of resolving the relevant legal issues. And, while this Court may have more experience in dealing with California law, the Court has no reason to question the ability of the Southern District of New York to correctly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#30/31

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5693 PSG (RZx) | Date | December 3, 2013 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Sirius XM Radio Inc. | | |

apply the law of foreign jurisdictions. *See, e.g.*, *Martin v. Spring Break %2C83 Prods., LLC*, No. CV 09-6104 PSG (FMOx), 2009 WL 4673918, at *4 (C.D. Cal. Dec. 3, 2009).

    F.    <u>Plaintiff's Choice of Forum</u>

This factor weighs very slightly against transfer.

The plaintiff's choice of forum is generally accorded substantial weight in the transfer analysis; however, the plaintiff's choice is entitled to less weight if the plaintiff represents a class, and is entitled to only "minimal consideration" if the parties have minimal contacts with the forum and the operative facts did not occur within the forum. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). The plaintiff's choice of forum is also given less weight where the plaintiff has filed related lawsuits in several fora. *See Golden Bridge Tech., Inc. v. Apple Inc.*, CV 12-4014 ODW (FFMx), 2012 WL 3999854, at *4 (C.D. Cal. Sept. 11, 2012); *Bristol-Myers Squibb Co. v. Andrx Pharm., LLC*, 03 CIV 2503 (SHS), 2003 WL 22888804, at *5 (S.D.N.Y. Dec. 5, 2003).

Here, Plaintiff seeks to represent a class. As a result, Plaintiff's choice of forum is accorded less weight. *See id.* The Court is not persuaded by Plaintiff's argument that *Belzberg* does not apply where a class has not been certified. *See Opp.* 8:4-8:9; *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1363 (N.D. Cal. 2007). Motions to transfer are almost always raised early in a case, prior to class certification. Indeed, it is unlikely that a motion to transfer would be seriously entertained *after* class certification. As a result, Plaintiff's narrow reading of *Belzberg* would essentially nullify the Ninth Circuit's statement that "when an individual . . . represents a class, the named plaintiff's choice of forum is given less weight." *Belzberg*, 834 F.2d 739.

The weight given to Plaintiff's choice of forum is further reduced by the fact that Plaintiff has also filed a closely-related suit in New York, and has thus shown that it is willing and able to litigate in that forum. *See Golden Bridge Tech.*, 2012 WL 3999854, at *4.

That said, the Court is not persuaded by Sirius XM's argument that Plaintiff's choice should be accorded minimal or no weight. Sirius XM argues that nothing *uniquely* connects the operative facts of this lawsuit with California. *See Reply* 7:19-8:16. As discussed further below, the Court agrees. However, for the purposes of determining whether Plaintiff's choice of forum carries any weight in the transfer analysis, the relevant inquiries are whether the parties have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#30/31

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-5693 PSG (RZx) | Date | December 3, 2013 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Sirius XM Radio Inc. | | |

more than minimal contacts with the chosen forum, and whether operative facts—unique or not—took place in the forum. *See Belzberg*, 834 F.2d at 739.

Both parties have contacts in California. Plaintiff is a California corporation and manages its day-to-day operations from California. *See Opp.* 7:23-7:26. Sirius XM has offices and broadcasting equipment in California, and broadcasts into California. *See id.* 8:17-8:20. Further, because Plaintiff claims Sirius XM has misappropriated its rights by performing the Pre-1972 Recordings, at least some of the operative facts have taken place in California. *See id.*

Accordingly, the Court finds that this factor weighs—albeit slightly—against transfer.

G.  The Parties' Contacts with the Chosen Forum

This factor weighs against transfer. As noted above, both Plaintiff and Sirius XM operate in California, Plaintiff is based in California, and Sirius XM has offices in California. *See Opp.* 7:23-7:26, 8:17-8:20. Although Sirius XM is headquartered in New York, it does not appear that its contacts with California are *de minimis*; on the other hand, Plaintiff does not appear to have any meaningful contacts with New York, aside from its litigation activity in the New York action.

H.  Contacts Relating to Plaintiff's Causes of Action in the Chosen Forum

This factor weighs in favor of transfer.

Plaintiff's claims are based principally on Sirius XM's broadcasts of the Pre-1972 Recordings into California. *See Opp.* 17:23-17:25. Although Sirius XM's transmissions constitute contacts with California, they are not particular to California, because Sirius XM broadcasts nationwide. *See Reply* 7:23-8:2. As a result, there is nothing that specifically connects this case to California.

On the other hand, there *are* specific connections between this case and New York. Plaintiff alleges Sirius XM has wrongfully duplicated the Pre-1972 Recordings, *see Complaint* ¶ 9, and Sirius XM's central servers—where any such duplication would likely have taken place—are located in New York. *See Reply* 8:13-8:15. Plaintiff also alleges Sirius XM has wrongfully broadcasted the Pre-1972 Recordings, *see Complaint* ¶ 9, and Sirius XM's broadcast and programming operations, as well as at least some of its song tracking operations, are based

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#30/31

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5693 PSG (RZx) | Date | December 3, 2013 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Sirius XM Radio Inc. | | |

in New York. *See Mem.* 15:7-15:11; *Reply* 8:13-8:15. As a result, it appears that the contacts related to Plaintiff's cause of action are stronger in New York than in California.

I. Differences in the Cost of Litigation

This factor weighs slightly in favor of transfer.

The Court sees no reason to believe that this it would be either more or less expensive to litigate this case in New York, as opposed to Los Angeles. And as discussed above, at least one side will have to travel regardless of where this case is sited. Accordingly, litigation costs would only be meaningfully reduced by transfer to the extent that transfer would limit duplicative discovery.

If this case is transferred to New York, this case may be consolidated or otherwise formally coordinated with the New York action. Ordinarily, the prospect of potential consolidation or formal coordination would weigh heavily towards transfer. *See Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."); *A.J. Indus., Inc. v. U.S. Dist. Ct. for the Central Dist. of Ca.*, 503 F.2d 384, 389 (9th Cir. 1974) ("The feasibility of consolidation is a significant factor in a transfer decision . . . although even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties.") (citation omitted).

However, in this case, the incremental benefit of that coordination would be minimal, given that Sirius XM will be exposed to discovery in California, regardless of the Court's decision, as part of the *Capitol Records* action. It is also unclear whether the Florida action will be transferred to New York. In short, transfer might reduce overlapping discovery, but will not eliminate it.

A more weighty issue is the possibility that if this case is not transferred, any discovery disputes between the parties—particularly regarding the scope of discovery—may be litigated in three different federal courts. Such repetitious litigation is wasteful and creates a risk of inconsistent decisions. Yet it is again unclear whether transferring this case would materially reduce the fragmentation of discovery disputes, given that the New York action and the Florida action may proceed separately. Although the Court would give this factor significant weight if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#30/31

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5693 PSG (RZx) | Date | December 3, 2013 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Sirius XM Radio Inc. | | |

transfer would bring all discovery disputes into one forum, the Court is not persuaded that there is a substantial difference between two and three proceedings—or between three and four proceedings, given that similar disputes may arise in the *Capitol Records* action.

On the other hand, even if this case is not transferred, the Court would expect Plaintiff and Sirius XM to work together to coordinate discovery (and particularly third party discovery) in this case, the New York action, and the Florida action.

Considering the situation as a whole, the Court finds that this factor weighs in favor of transfer, but only slightly.

J.  Access to Sources of Proof

This factor weighs slightly in favor of transfer.

As noted above, it appears that most of the witnesses in this case are based in New York or Washington, D.C. In addition, because Sirius XM is located in New York, it is likely that any relevant documents and records are in New York. *See Mem.* 15:16-15:24. Although these issues do not carry any great weight, because the Court has already accounted for the location of the witnesses and any document production in discovery is likely to be electronic (or convertible to an electronic format), they weigh slightly in favor of transfer.

K.  Relevant Policy of the Forum State

This factor is neutral. Although it appears California has expressed an interest in protecting certain ownership interests in the Pre-1972 Recordings, *see* Cal. Civ. Code § 980(a)(2), Plaintiff has not identified anything suggesting that California has a policy of having disputes related to those ownership interests litigated in California. *See Opp.* 22:12-22:28.

L.  Relative Court Congestion

The Central District of California and the Southern District of New York are both busy courts with heavy caseloads. The Court notes that the median time from filing to disposition of a civil matter in the Southern District of New York is 8.3 months, as opposed to 5.6 months in this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#30/31

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5693 PSG (RZx) | Date | December 3, 2013 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Sirius XM Radio Inc. | | |

District. *See Opp.* 21:21-21:24. The mean time from filing to trial in a civil matter is also considerably shorter in this District. *See Opp.* 21:24-21:27. Although these differences are not overwhelming, they do suggest that this case might proceed more expeditiously in this District. On the other hand, the marginal difference is slight, and "[a]dministrative considerations such as docket congestion are given little weight in this circuit in assessing the propriety of a § 1404 transfer." *See Allstar Mktg. Grp., LLC*, 666 F. Supp. 2d at 1134 (citation omitted). All things considered, this factor is neutral.

  M. <u>Local Interest in Having Localized Controversies Decided at Home</u>

  This factor weighs against transfer.

  Sirius XM notes that "Plaintiff's position that California law protects a performance right in Pre-1972 Recordings is a novel claim," and that this case will be decided in a "precedential vacuum." *Mem.* 11:20-11:22 & n.9; *Reply* 9:16-9:19. Sirius XM also forcefully argues that Plaintiff's claim depends on a "new state-law right that would radically overturn decades of settled practice." *Mem.* 2:12-2:13.

  Although the facts of this case are not localized to California, the fact that this case appears to present a question of first impression regarding the meaning and scope of California law weighs heavily against transfer. California undoubtedly has a strong interest in having such an issue "decided at home," especially if it might "radically overturn decades of settled practice."

  N. <u>Unfairness of Burdening Citizens in an Unrelated Forum</u>

  This factor is neutral. The Court is not persuaded that a jury in New York would be particularly burdened by this case, even if this case were not consolidated with the New York action. The factual issues that are likely to arise are not likely to be overly complex. Moreover, if this case were consolidated for trial with the New York action, the Court is not persuaded that a jury would be confused by the need to deal with both New York and California law, given that Plaintiff has not identified any differences between the applicable laws that would require a jury to make different factual determinations. Finally, it is not at all clear that New York would be an "unrelated forum" for this case, given that Plaintiff seeks to represent a nationwide class.

  O. <u>The Interest of Justice</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#30/31

CIVIL MINUTES - GENERAL

| Case No. | CV 13-5693 PSG (RZx) | Date | December 3, 2013 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Sirius XM Radio Inc. | | |

  Sirius XM has raised two issues that implicate the interest of justice. The Court is not persuaded that either weighs in favor of transfer. First, Sirius XM argues that Plaintiff is playing the "lawsuit lottery" by filing three essentially identical suits, hoping that at least one court will adopt its allegedly novel view of the law. *See Mem.* 2:12-2:16. If Plaintiff's suits were materially identical, such an effort would smack of forum shopping, and give rise to an unfair risk that the courts would reach inconsistent judgments. However, Sirius XM has not met its burden of showing that Plaintiff's three suits are materially identical or that the relevant laws are so closely related that it would be unjust for this Court and the courts hearing the New York and Florida actions to decide issues differently. Rather, it seems at this point that although the three suits share a common *factual* core, they are legally distinct and will turn on the separate interpretations of California, New York, and Florida law, respectively.

  Second, Sirius XM noted at oral argument that the parties will likely disagree about the proper scope of discovery. Specifically, Sirius XM intends to seek discovery regarding historical licensing practices in the terrestrial radio industry (and perhaps in the music industry in general) to support its laches and estoppel defenses. Plaintiff argues that those practices are irrelevant because they do not relate to the type of digital and satellite services offered by Sirius XM. Sirius XM expressed a concern that disputes about the discoverability of such evidence might not be decided consistently if this case, the New York action, and the Florida action are not heard by the same court.

  However, it appears to the Court that the fragmentation of these types of discovery disputes actually *favors* Sirius XM: if the three actions remain separate, Sirius XM will have three chances to obtain the discovery it seeks. Accordingly, the Court is not persuaded that the possibility of overlapping discovery disputes on this point would be unjust for Sirius XM.

  In short, Sirius XM has not shown that a transfer is necessary to serve the interest of justice. This factor is neutral.

  P. <u>Balancing Analysis</u>

  After considering the factors discussed above, the Court concludes that transfer is not warranted. Many of the transfer factors are neutral. As to the factors that carry weight one way or the other, several factors related to efficiency and convenience weigh toward transfer. However, California's interest in having a novel question of state law decided at home, as well as the slight weight given to Plaintiff's choice of forum, weighs against transfer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#30/31

CIVIL MINUTES - GENERAL

| Case No. | CV 13-5693 PSG (RZx) | Date | December 3, 2013 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Sirius XM Radio Inc. | | |

The parties' arguments suggest that this case will principally turn on a legal dispute over a matter of first impression in California law, which could have far-reaching effects. Accordingly, California's interest in having such an issue decided in a California court carries considerable weight.

On the other hand, the factor that weighs most heavily in favor of transfer is the convenience of the three third party witnesses identified by Sirius XM: RIAA, SoundExchange, and AAIM. All three industry groups are based on the East Coast, and it would likely be more convenient for them if this case were litigated in New York. However, Sirius XM has not made any showing that any of the three industry groups would be substantially burdened if this case were to remain in California.

The other significant factor that weighs toward transfer is the fact that the contacts related to Plaintiff's cause of action are stronger in New York than in California. However, this factor is counterbalanced by Plaintiff's choice of California as the forum for its lawsuit and the fact that both parties have contacts in California, while only Sirius XM has any meaningful non-litigation contacts in New York.

Under the circumstances, and considering all of the factors discussed above, the Court is not persuaded that Sirius XM has met its burden of showing that transfer is warranted.

IV.   Conclusion

For the reasons set forth above, Sirius XM's motion is DENIED.

**IT IS SO ORDERED.**