WEIL, GOTSHAL & MANGES LLP
R. BRUCE RICH (admitted *pro hac vice*)
bruce.rich@weil.com
BENJAMIN E. MARKS (admitted *pro hac vice*)
benjamin.marks@weil.com
TODD LARSON (admitted *pro hac vice*)
todd.larson@weil.com
767 Fifth Avenue
New York, New York 10153
Telephone:   212.310.8000
Facsimile:   212.310.8007

KRAMER LEVIN NAFTALIS & FRANKEL LLP
MICHAEL S. OBERMAN, Cal. Bar. No. 101857
MOberman@KRAMERLEVIN.com
1177 Avenue of the Americas
New York, New York 10036
Telephone:   212.715.9294
Facsimile:   212.715.8294

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
FRED R. PUGLISI, Cal. Bar No. 121822
fpuglisi@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:   310.228.3700
Facsimile:   310.228.3701

Attorneys for Defendant
SIRIUS XM RADIO INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLO & EDDIE, INC., individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>SIRIUS XM RADIO INC., and DOES 1 through 100,<br><br>        Defendants. | Case No. 13-CV-5693 PSG (RZx)<br><br>**REQUEST TO STRIKE PORTION OF PLAINTIFF'S SUMMARY JUDGMENT REPLY BRIEF; OR, IN THE ALTERNATIVE, TO ACCEPT  SUPPLEMENTAL DECLARATION**<br>[Proposed Supplemental Declaration of Terrence Smith lodged concurrently herewith]<br>**<u>Related Motion for Summary Judgment:</u>**<br>**Hearing:** July 28, 2014<br>**Time:** 1:30 p.m.<br>**Place:** Courtroom 880<br>        Honorable Philip S. Gutierrez |

---

REQUEST TO STRIKE PORTION OF PLAINTIFF'S SUMMARY JUDGMENT REPLY BRIEF; OR, IN THE
ALTERNATIVE, TO ACCEPT SUPPLEMENTAL DECLARATION

TO THE ABOVE-CAPTIONED COURT AND PLAINTIFF FLO & EDDIE INC., AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to C.D. CAL. LOCAL RULES 7-5, 7-10, and 83-7, Defendant Sirius XM Radio Inc. ("**Sirius XM**") hereby requests that the Court strike and not consider a portion (12:2-10) of Plaintiff Flo & Eddie, Inc. ("**Plaintiff**")'s Reply Memorandum of Points and Authorities in Support of its Motion for Summary Judgment (ECF Docket No. 97) (the "**Reply Brief**"), which improperly included a new, non-rebuttal point and authorities in violation of C.D. CAL. LOCAL RULES 7-5 and 7-10.  In the alternative, Sirius XM requests that the Court accept the supplemental declaration conditionally proffered with this Request so that Sirius XM has the opportunity to respond to Plaintiff's new argument presented for the first time in Plaintiff's July 14, 2014 Reply Brief.

## REQUEST THAT THE COURT STRIKE PORTIONS OF PLAINTIFF'S REPLY BRIEF

### A.   PLAINTIFF PRESENTED A NEW ARGUMENT IN ITS REPLY BRIEF THAT WAS NOT INCLUDED IN ITS MOVING PAPERS

In its June 9, 2014 Memorandum in Support of its Motion for Summary Judgment ("**Motion**"), Plaintiff argued that Sirius XM violated California law by making reproductions of Pre-1972 Recordings.  Specifically, Plaintiff argued that Sirius XM reproduces recordings in connection with its various computer servers and databases, and in buffers associated with its satellite radio transmissions.  Motion at 7-8.  But at no point in its Motion did Plaintiff argue, or even mention, that Sirius XM distributes copies of such recordings in connection with its internet radio service by using a streaming technology known as "progressive downloads."  Plaintiff instead held that argument for its July 14, 2014 Reply Brief, where it for the first time stated that:

> Sirius XM also ignores that it distributes copies of its recordings to residents of California by using streaming technology that is commonly referred to as "progressive downloads." (Supp. Geller

Decl., ¶ 3, Ex. 28 [Smith 2/11/14 Depo. 203:18-204:10]).  That type of technology results in a copy of each performance being downloaded to the end users [sic] computer by Sirius XM.  See http://en.wikipedia.org/wiki/Progressive_download.  In other words, by using "progressive download" technology, Sirius XM is distributing an actual copy of each recording to each subscriber accessing that stream through the Internet.

Reply Brief at 12:2-10.

## B. THE ARGUMENT FIRST RAISED ON REPLY SHOULD BE STRIKEN BECAUSE PLAINTIFF HAS UNFAIRLY PREJUDICED SIRIUS XM BY PREVENTING IT FROM RESPONDING

This argument should be stricken.  C.D. CAL. LOCAL RULE 7-5 explicitly requires that a moving party's initial papers include *all* arguments and authorities that the party will rely on in support of its motion: "There shall be served and filed with the notice of motion: (a) a brief but *complete* memorandum in support thereof and the points and authorities upon which the moving party will rely . . . ."  C.D. CAL. LOCAL RULE 7-5 (emphasis added).  C.D. CAL. LOCAL RULE 7-10 then limits a reply brief to *rebuttal* matter, only:  "A moving party may . . . serve and file a reply memorandum, and declarations or other *rebuttal* evidence."  C.D. CAL. LOCAL RULE 7-10 (emphasis added).  These rules protect the non-moving party from prejudice and denial of its due process rights:

> Despite the fact that it bears the burden of proof in this proceeding, [the moving party] submitted minimal evidence supporting its request . . . at the time it filed its moving papers.  Submitting the bulk of one's legal argument and evidence only in reply deprives the opposing party of a fair opportunity to respond . . . .  To permit plaintiff to supplement the record further at this stage of the proceedings in order to correct deficiencies in the original showing would simply prejudice defendants further and reward plaintiff's questionable litigation strategy.

*Glow Indus., Inc. v. Lopez*, 252 F. Supp. 2d 962, 1005 n.4 (C.D. Cal. 2002).  *See also Ojo v. Farmers Group, Inc.*, 565 F.3d 1175, 1185, n.13 (9th Cir. 2009) ("[I]t is generally 'improper for the moving party to . . . introduce new facts or different legal arguments in the reply brief [beyond] . . . [those that were] presented in the moving papers.'"); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("'[W]here new

evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.'"); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

Plaintiff's new argument regarding Sirius XM's alleged "downloading" activity in California violates these well-settled principles and should be stricken. Plaintiff had the opportunity to raise this specific theory and make this argument in its moving papers, but failed to do so. Permitting Plaintiff to hold back and present its argument for the first time on reply would deprive Sirius XM of its ability to respond to this specific argument. Accordingly, the portion of the Reply Brief devoted to this argument should be stricken and disregarded by the Court.

## C.   PLAINTIFF'S NEW ARGUMENT THAT SIRIUS XM DISTRIBUTES COPIES OF SOUND RECORDINGS IS INACCURATE AND MISLEADING

The need for this relief is particularly acute because Plaintiff's new argument is both inaccurate and misleading. Plaintiff's explanation of "progressive downloads" relies on a snippet of deposition testimony from Terrence Smith and a single Wikipedia page.[1] Plaintiff's assertion that Sirius XM "distributes copies" of songs to its users implies that Sirius XM is providing its users with copies of Pre-72 Recordings that can be retained and accessed for later listening. Reply Brief at 12. But as the proffered Declaration of Mr. Smith explains, Sirius XM's streaming technology does *not* "distribute copies" of Pre-72 Recordings to Sirius XM users in any such fashion. *See* Supplemental Declaration of Terrence R. Smith ("**Supp. Smith Decl.**") ¶¶ 3-4. Rather, the music-player software on the user's device buffers 20-

---

[1] This Court has frequently recognized the unauthoritative and unreliable nature of citing to Wikipedia as a source for evidence. *See Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 976 n. 19 (C.D. Cal. 2010) ("It is unfortunate that the parties were unable to provide more authoritative evidence. One court recently noted the danger of relying on Wikipedia . . . .") ; *Alsyouf v. Astrue*, EDCV 11-1867 SS, 2013 WL 327794, at *18 (C.D. Cal. Jan. 29, 2013) ("the Court questions the reliability of Wikipedia as a source.").

1  second fragments, or "chunks," of programming to ensure a smooth, uninterrupted

2  stream.  *Id.*  These short buffered fragments are not song-specific: a particular

3  fragment may contain the end of one song and the beginning of another, a portion

4  from the middle of a song, or no song at all (and given their small size, they never

5  contain an entire song).  *Id.*  Moreover, these buffer fragments are encrypted and thus

6  inaccessible to the user <u>except</u> to allow the subscriber's streaming software to render

7  the performance in real time (or as close to real-time as possible given the Internet

8  connection).  *Id.*  They are immediately discarded as new data flows into the buffer,

9  therefore no copies of sound recordings (or even fragments thereof) are retained on

10 the device after the performance is rendered.  *Id*.  Thus, any suggestion that Sirius

11 XM offers something akin to "digital downloads," in which a purchaser receives a

12 digital file containing a full sound recording for later (and repeated) listening, is a flat

13 mischaracterization.  *Id*. ¶ 4.

14 **D.    CONCLUSION**

15        Plaintiff should not be allowed to sandbag Sirius XM with a new argument that

16 could have been presented earlier.  Permitting Plaintiff to reserve a completely new

17 argument for its reply—particularly one that is factually misleading and lacking a

18 single reputable citation—would deny Sirius XM its due process right to respond and

19 show the Court the inaccuracies in Plaintiff's contention.

20        Because Plaintiff has violated C.D. CAL. LOCAL RULES 7-5 and 7-10 and the

21 principles recognized in the case law cited above, Sirius XM requests that the Court,

22 pursuant to C.D. CAL. LOCAL RULE 83-7,[2] strike and not consider page 12, lines 2-10

23 _____

24 [2] LOCAL RULE 83-7 provides the Court with wide discretion to determine the nature
   and extent of sanctions to be imposed for violations of the Court's local rules:

25      "The violation of or failure to conform to any of these Local Rules may subject the
        offending party or counsel to:

26      (a)   monetary sanctions, if the Court finds that the conduct was willful, grossly
              negligent, or reckless;

27      (b)   the imposition of costs and attorneys' fees to opposing counsel, if the Court
              finds that the conduct rises to the level of bad faith and/or a willful

28            disobedience of a court order; and/or

1  of Plaintiff's Reply Brief

2        In the alternative, Sirius XM requests that the Court accept the proffered

3  Supplemental Declaration of Terrence Smith as part of the record on summary

4  judgment.

5

6  Dated:  July 22, 2014        SHEPPARD MULLIN RICHTER & HAMPTON LLP

7

8

9                              By     _____
                                              *s/ Fred R. Puglisi*
10                                    Fred R. Puglisi

11                                    Attorneys for Defendant
                                      SIRIUS XM RADIO INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  _____
     (c)   for any of the conduct specified in (a) and (b) above, **such other sanctions as**
27  **the Court may deem appropriate under the circumstances**."
     (emphasis added.)

28