UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#123 (11/24 HRG OFF)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5693 PSG (Rzx) | Date | November 20, 2014 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Sirius XM Radio, Inc. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order DENYING Motion to Certify for Interlocutory Appeal

Before the Court is Defendant Sirius XM Radio Inc.'s ("Sirius XM") motion to certify the Court's September 22, 2014 order granting partial summary judgment for interlocutory appeal. *See* Dkt. # 123. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the arguments presented in the supporting and opposing papers, the Court DENIES the motion.

I.   Background

On August 1, 2013, Plaintiff Flo & Eddie ("Flo & Eddie") filed suit against Sirius XM on behalf of itself and a class of owners of pre-1972 sound recordings. See Dkt. # 1. Flo & Eddie claimed that Sirius XM's unauthorized reproduction and public performance of pre-1972 recordings as part of its satellite and internet radio services violated California's copyright statute, (Cal. Civ. Code § 980(a)(2)), and constituted misappropriate, conversion, and unfair competition. *Id.* Sirius XM subsequently removed the case. *Id.*

This Court bifurcated discovery into a liability phase and a damages phase (*see* Dkt. # 58) and, after conducting liability discovery, Flo & Eddie moved for summary judgment on liability as to all of its claims (Dkt. # 65). On September 22, 2014, the Court granted Flo & Eddie's motion for summary judgment to the extent that its claims were premised on Sirius XM's public performance of Flo & Eddie's sound recordings, ruling that owners of sound recordings have the exclusive right to publicly perform their recordings under § 980(a)(2). *See* Dkt. # 117. The following month, the Court issued a Scheduling Order to govern the remaining aspects of the litigation. *See* Dkt. # 126. Key dates for the case are scheduled as follows:

February 27, 2015   Discovery cut-off for class certification and damages
March 16, 2015      Filing of motion for class certification
April 30, 2015      Expert discovery cut-off

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5693 PSG (Rzx) | Date | November 20, 2014 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Sirius XM Radio, Inc. | | |

| | |
|---|---|
| May 18, 2015 | Hearing on motion for class certification |
| June 10, 2015 | Filing of motions *in limine* |
| August 10, 2015 | Final pretrial conference |
| August 25, 2015 | Jury Trial |

*Id.*

Unsurprisingly distraught by the Court's summary judgment order in favor of Flo & Eddie, Sirius XM filed this motion to certify the order for interlocutory appeal and to stay the case pending that review.  *See* Dkt. # 123.

II.     Legal Standard

28 U.S.C § 1292(b) provides a means for litigants to bring an immediate appeal of a non-final order with the consent of both the district court and the court of appeals.  *See* 28 U.S.C. § 1292(b); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025-26 (9th Cir. 1982); *see also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978) ("[T]he discretionary power to permit an interlocutory appeal is not, in the first instance, vested in the court of appeals.  A party seeking review of a nonfinal order must first obtain the consent of the trial judge.").  The interlocutory appeal mechanism provides a "narrow exception to the final judgment rule."  *See Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).  Pursuant to section 1292(b), a district court has discretion to certify an interlocutory order for appeal when (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion as to that question; and (3) an immediate appeal may materially advance the ultimate termination of the litigation.  *See* 28 U.S.C. § 1292(b).

Courts should only grant certifications for interlocutory appeal in "exceptional situations" in which allowing the special appeal would avoid protracted and expensive litigation.  *In re Cement*, 673 F.2d at 1026; *U.S. v. Woodbury,* 263 F.2d 784, 788 n. 11 (9th Cir.1959) ("§ 1292(b) is to be applied sparingly and only in exceptional cases"); *see also Coopers*, 437 U.S. at 475 ("even if the district judge certifies the order…the appellant still has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment") (internal quotation omitted).  Section 1292 "[i]s not intended merely to provide review of difficult rulings in hard cases."  *See U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5693 PSG (Rzx) | | Date | November 20, 2014 |
|---|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Sirius XM Radio, Inc. | | | |

III.   Discussion

   Sirius XM requests that the Court certify its September 22, 2014 order granting partial summary judgment in favor of Flo & Eddie (the "Order") for interlocutory appeal. *See Mot.* 3:2-8. For Sirius XM, the problematic portion of the Order was the Court's holding that Cal. Civ. Code § 980(a)(2) provides owners of pre-1972 sound recordings with the exclusive right to publicly perform those recordings. *See id.* Sirius XM argues that interlocutory appeal of the Order is appropriate because the public performance holding is a controlling question of law for the case, there are substantial grounds for difference of opinion as to whether a public performance right exists under § 980(a)(2), and immediate appeal of that question may materially advance the ultimate termination of the litigation. *See id.* 4:2-7. If the Court agrees that its Order satisfies each of § 1292(b)'s three requirements for certification, the Court then has the discretion to certify the Order for interlocutory appeal. *See* 28 U.S.C. § 1292(b).

   While the Court is largely unpersuaded and sometimes baffled by Sirius XM's repetitive or off-point theories about how reasonable jurists might read an unwritten exclusion into § 980(a)(2), the Court will not analyze the potential grounds for difference of opinion because certification of this Order suffers from an even more basic deficiency. At this stage in the litigation and under the operative scheduling order governing the case, certification of the Order for immediate appeal would delay rather than materially advance the termination of the litigation; therefore, the Court denies the motion.

   "[A]n interlocutory appeal must be likely to materially speed up the termination of the litigation." *See Mateo v. M/S KISO*, 805 F. Supp. 792, 800 (N.D. Cal. 1992). "If an interlocutory appeal would actually delay the conclusion of the litigation, the Court should not certify the appeal." *Id.* The Ninth Circuit has specifically recognized that when a case has a firm and forthcoming trial date that likely predates the resolution of the issue on appeal, interlocutory appeal is not appropriate. *See Shurance v. Planning Control Intern., Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988) ("We…find that to allow interlocutory appeal of this motion would not 'materially advance the ultimate termination of the litigation.' Indeed, an interlocutory appeal might well have the effect of delaying the resolution of this litigation, for an appeal probably could not be completed before [the date] when trial is currently scheduled.").

   This case is moving swiftly toward trial and a final resolution that will be appealable to the Ninth Circuit in the customary manner allowed by the Federal Rules of Civil Procedure. The Court has already ruled on liability as to Sirius XM's wrongful conduct – publicly performing Flo & Eddie's sound recordings without its permission. *See* Dkt. # 117. A firm Scheduling Order is in place with deadlines for the remaining discovery issues (damages and class certification) and class certification briefing. *See* Dkt. # 126. This case is going to trial on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5693 PSG (Rzx) | Date | November 20, 2014 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Sirius XM Radio, Inc. | | |

August 25, 2015, just nine months from now. *Id.* The Court agrees with Flo & Eddie that the parties are unlikely to have briefed the issues for appeal to the Ninth Circuit by that fixed August trial date, let alone received a ruling from the Ninth Circuit (even a ruling simply declining to hear the interlocutory appeal). *See Opp.* 15:1-16; *see also Coopers*, 437 U.S. at 475 (noting that even if the statutory elements are met, "[t]he appellate court may deny the appeal for any reason, including docket congestion").

Sirius XM's response that interlocutory review in this case will "get[] a final decision on a controlling issue sooner, rather than later" than proceeding with trial litigation defies logic when there is no reasonable likelihood that the Ninth Circuit will provide a final decision on this matter prior to September 2015. *See Reply* 8:21-9:2. Sirius XM does not claim that the Ninth Circuit will act more quickly than this Court. Instead, Sirius XM argues that the interpretation of § 980(a)(2) is dispositive of Flo & Eddie's common law claims and integral to Sirius XM's defenses, and emphasizes how the trial court's judicial resources over the next nine months might be wasted if the Ninth Circuit both (1) agrees to hear the appeal and (2) interprets § 980(a)(2) differently than this Court (and California Superior Court Judge Strobel)[1]. *See Mot.* 8:16-9:10; *Reply* 9:3-12. Sirius XM's arguments about the significance of the interpretation of § 980(a)(2) to the ultimate disposition of the case support its showing that the Order deals with law this is "controlling[,]" but not that immediate appeal will speed up the resolution of the case. Further, because a successful interlocutory appeal will always avoid some consumption of trial court resources, the Court is not convinced that such a perfunctory showing satisfies the requirement that the appeal "materially advance the ultimate termination of the litigation" when the trial court has already ruled on the issue of liability and the entire case will be resolved within nine months. This is not the "exceptional situation[] in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *See In re Cement*, 673 F.2d at 1026.

Because allowing immediate appeal of this Court's Order regarding public performance liability would delay the conclusion of the litigation beyond the fixed August 2015 trial period, the Court concludes that certification would stall rather than materially advance the ultimate termination of the litigation. Accordingly, Sirius XM has failed to demonstrate that one of the statutorily required elements for appeal of a nonfinal decision under § 1292(b) has been satisfied and the Court cannot consider whether to use its discretion to certify the Order for interlocutory appeal. *See* 28 U.S.C. § 1292(b).

IV. Conclusion

---

[1] *Mot. Supp.* (Dkt. # 132), Ex. A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5693 PSG (Rzx) | Date | November 20, 2014 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Sirius XM Radio, Inc. | | |

      For the foregoing reasons, the Court DENIES the motion to certify the Order for interlocutory appeal.

      **IT IS SO ORDERED.**