1  DANIEL M. PETROCELLI (S.B. #97802)
    dpetrocelli@omm.com
2  ROBERT M. SCHWARTZ (S.B. #117166)
    rschwartz@omm.com
3  VICTOR H. JIH (S.B. #186515)
    vjih@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, Suite 700
5  Los Angeles, California  90067-6035
   Telephone:   (310) 553-6700
6  Facsimile:   (310) 246-6779

7  Attorneys for Defendant
   Sirius XM Radio Inc.
8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLO & EDDIE, INC., a California corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIRIUS XM RADIO INC., a Delaware corporation; and DOES 1 through 10,<br><br>Defendants. | Case No. CV 13-05693 PSG (RZx)<br><br>**SIRIUS XM'S REQUEST FOR JUDICIAL NOTICE OF FEBRUARY 10, 2015 ORDER IN *FLO & EDDIE, INC. V. SIRIUS XM RADIO INC.*, CASE NO. 1:13-CV-05784-CM (S.D.N.Y.)**<br><br>Hon. Philip S. Gutierrez |

1   Defendant Sirius XM Radio Inc. ("Sirius XM") respectfully requests that the
2   Court take judicial notice of the Decision and Order Certifying Interlocutory
3   Appeal ("Order") issued by Judge McMahon on February 10, 2015 in *Flo & Eddie,*
4   *Inc. v. Sirius XM Radio, Inc.*, Case No. 1:13-CV-05784-CM (S.D.N.Y), which is
5   attached hereto as Exhibit A.  The New York Order is relevant to Sirius XM's
6   pending Motion for Reconsideration of Partial Summary Judgment Order ("Motion
7   for Reconsideration").  In the Order, Judge McMahon granted Sirius XM's Motion
8   to Certify an Interlocutory Appeal to the Second Circuit of her holding that sound
9   recording owners have a right to exclusive public performance.  Sirius XM
10  referenced the New York case in its pending Motion for Reconsideration. *See, e.g.,*
11  Mot. for Recons. at 2, 14; Reply at 1, 2, 4 n.1, 8, 9.

12  The Order contains several statements regarding the novelty and significance
13  of the performance rights issue.  For example, the Order states that the performance
14  rights issue qualifies as a "controlling question of law" because it will have
15  "precedential value for a large number of cases."  Order at 3.  Judge McMahon also
16  states that the performance rights issue is a "difficult legal question about which
17  reasonable minds can differ."  Order at 4.  Additionally, "the complicated history of
18  public performance rights and copyright in the discrete medium of sound recordings
19  makes the answer to this question less than straightforward, and warrants a close
20  look by a controlling court."  Order at 4-5.

21  The Court may take judicial notice of facts that "can be accurately and
22  readily determined from sources whose accuracy cannot reasonably be questioned."
23  Fed. R. Evid. 201; *see also U.S. v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir.1993).
24  Judicial notice is appropriate here, as courts routinely take judicial notice of court
25  records and orders.  *See Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048,
26  1052 (9th Cir. 2007) (taking judicial notice of court records); *Mir v. Little Co. of*
27  *Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (same).

28

Dated: February 10, 2015

Respectfully submitted,

O'MELVENY & MYERS LLP
DANIEL M. PETROCELLI
ROBERT M. SCHWARTZ
VICTOR H. JIH

By: /s/ Daniel M. Petrocelli
      Daniel M. Petrocelli
Attorneys for Defendant
Sirius XM Radio Inc.