UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5693 PSG (Rzx) | Date | February 19, 2015 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Sirius XM Radio, Inc. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order DENYING Motion for Reconsideration

Before the Court is Defendant Sirius XM Radio Inc's ("Sirius XM") motion for reconsideration of the Court's September 22, 2014 Partial Summary Judgment Order (Dkt. # 117, "September 22, 2014 Order"). *See* Dkt. # 154. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the arguments in the moving, opposing, and reply papers, the Court DENIES the motion.

I.  Background

The Court and the parties are already familiar with the factual background of this case, which is discussed in the Court's *September 22, 2014 Order* granting partial summary judgment.

In that order, the Court concluded that pursuant to Cal. Civ. Code § 980(a)(2), owners of pre-1972 sound recordings hold the exclusive right to publicly perform their recordings. *See id.* at 10. Accordingly, the Court ruled that Sirius XM was liable to Flo & Eddie for playing Flo & Eddie's recordings in the course of its business without authorization on four theories: (1) violation of § 980(a)(2); (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"); (3) conversion; and (4) misappropriation. *Id.* at 10, 13-15. Sirius XM requests that this Court reconsider its *September 22, 2014 Order*. *See* Dkt. # 154.

In response, Flo & Eddie moves for sanctions against Sirius XM for pursuing what Flo & Eddie describe as a reckless and bad faith motion based on frivolous arguments. *See Opp.* at 22-25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5693 PSG (Rzx) | Date | February 19, 2015 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Sirius XM Radio, Inc. | | |

II.     Legal Standard

    A.     Motion for Reconsideration

Motions for reconsideration are governed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

Under Federal Rules of Civil Procedure 59(e) and 60(b), the Court has the discretion to grant reconsideration for a variety of reasons, including "mistake, inadvertence, surprise, [ ] excusable neglect…[or] any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b); *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In this district, motions for reconsideration are governed by Local Rule 7-18, which states: "A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." L.R. 7-18; *see Daghlian v. Devry Univ. Inc.*, 582 F. Supp. 2d 1231, 1257 (C.D. Cal. 2008); *see also Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995) (Posner, J.) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.")

    B.     Sanctions

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Ninth Circuit has clarified that a finding of "recklessness" is sufficient to justify the imposition of sanctions under § 1927. *See B.K.B v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002) (citing *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001)).

Courts also have the inherent power to sanction conduct because they are "vested, by their very creation, with the power to impose silence, response, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991). However, only "conduct that is 'tantamount to bad faith' is sanctionable" pursuant to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5693 PSG (Rzx) | Date | February 19, 2015 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Sirius XM Radio, Inc. | | |

this power. *See B.K.B.*, 276 F.3d 1108 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980). A party acts in bad faith when it "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Primus Auto. Fin. Serv., Inc. v. Batarse*, 115 F.3d 644, 648-49 (9th Cir. 1997).

III.   Discussion

Sirius XM requests that this Court reconsider its *September 22, 2014 Order* for three reasons: (1) the California common law does not recognize a performance right; (2) § 980(a)(2) violates the commerce clause; and (3) the Court failed to consider some of Sirius XM's affirmative defenses that bar liability.

   A.   No Performance Right in California Common Law

Sirius XM explains that in interpreting § 980(a)(2) as inclusive of a performance right in the *September 22, 2014 Order*, this Court "did not have the benefit of two key authorities" – *RCA Mfg. Co. v. Whiteman*, 114 F.2d 86 (2d Cir. 1940) and *Supreme Records, Inc. v. Decca Records, Inc.*, 90 F.Supp. 904 (S.D. Cal. 1950). *See Mot.* 1:6-18; 4:8-12:8. It is obvious from the dates of these decisions that the rulings do represent a material difference in law "that in the exercise of reasonable diligence could not have been known to [Sirius XM] at the time of [the prior] decision[.]" *See* L.R. 7-18. Because new arguments based on old available case law are not appropriate grounds for a motion for reconsideration, the Court DENIES the motion so far as it is based on this theory.

   B.   Commerce Clause

Regarding this Court's commerce clause analysis in the *September 22, 2014 Order*, Sirius XM moves for reconsideration on the grounds that (1) the Court did not consider relevant controlling Supreme Court cases and (2) a decision issued in the Southern District of New York after the *September 22, 2014 Order* that analyzed the issue in a different manner than this Court (*Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. 13 Civ. 5784 (CM), 2014 WL 6670201 (S.D.N.Y. Nov. 14, 2014) ["New York Ruling"]). *See Mot.* 1:19-2:9; 12:9-17:21.

Failure to consider law presented to the Court is not a ground for reconsideration under L.R. 7-18. *Cf. L.R.* 7-18 (a motion for reconsideration may be made upon "a manifest showing of a failure to consider material *facts* presented to the Court before such decision") (emphasis added). Moreover, Sirius XM did not previously present the case that it claims the Court erroneously failed to consider – *New England Power Co. v. New Hampshire*, 455 U.S. 331

Case 2:13-cv-05693-PSG-RZ Document 175 Filed 02/19/15 Page 4 of 6 Page ID #:3897

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5693 PSG (Rzx) | Date | February 19, 2015 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Sirius XM Radio, Inc. | | |

(1982). *See Mot.* 1:22-2:2, 12:20-21 (describing *New England Power* as "a key authority that was not addressed in the summary judgment briefing"); Dkt. # 106 [MSJ Opp.] 20:16-22:27.

While the New York Ruling was issued after the *September 22, 2014 Order*, it does not constitute either a "material difference in…law" or a "change in law" as contemplated by the Local Rules. *See L.R.* 7-18. The New York Court did not refine, overturn, or otherwise change any existing rule of law and, although its reasoning on the commerce clause issue differed from that of this Court in the *September 22, 2014 Order*, the differing analysis is immaterial because both courts concluded that state protection of public performance rights in sound recordings does not trigger commerce clause scrutiny. *See Flo & Eddie*, 2014 WL 6670201 at *20-24; *September 22, 2014 Order* at 10-11.

If this Court erred in determining that Congress authorized the states to protect pre-1972 sound recording rights free from commerce clause scrutiny, it would nonetheless conclude that state recognition of property rights in those recordings should not be subjected to a commerce clause analysis for the reasons articulated in the New York Ruling. *See Flo & Eddie*, 2014 WL 6670201 at *22-24 (explaining that this type of law – a general property law principle establishing liability for a form of theft – is not a "regulation" of interstate commerce by the state, so it falls outside commerce clause scrutiny); *see also Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. 13 Civ. 5784 (CM) 2014 WL 7178134, at *5-6 (S.D.N.Y. Dec. 12, 2014) (denying a motion to reconsider and reiterating that the dormant commerce clause "does not stand in the way of a purely private party's availing himself of his legal rights in order to protect his property"). Sirius XM's argument that a different rule regarding "regulations" applies in the Ninth Circuit lacks merit. *See Reply* 10:4-15. The concept that an exercise of state power in any form (i.e., statute, regulation, or judicial order) may violate the commerce clause is a precept that binds all of the circuits through Supreme Court jurisprudence, and the New York Ruling did not reason otherwise. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1217 (9th Cir. 2003) (citing *BMW of N. Amer. v. Gore*, 517 U.S. 559, 572 n.17 (1996)).

Contrary to Sirius XM's contention, the New York Ruling does not represent a difference or change in law that compels this Court to subject § 980(a)(2) to commerce clause analysis. According, the Court DENIES the motion to reconsider its commerce clause holding.

    C.    <u>Affirmative Defenses</u>

Lastly, Sirius XM protests that the Court did not address all of Sirius XM's affirmative defenses, which preclude summary judgment for Flo & Eddie. *See Mot.* 2:10-13, 12:9-17:21. In the *September 22, 2014 Order*, the Court ruled on the only affirmative defense to liability before it that was relevant to Sirius XM's performance conduct – laches. *See September 22, 2014*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5693 PSG (Rzx) | Date | February 19, 2015 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Sirius XM Radio, Inc. | | |

*Order* at 15. The parties did not brief the additional defenses to liability listed in Sirius XM's answer. *See MSJ Mot.*; *MSJ Opp.* Although Flo & Eddie identified and contested some of Sirius XM's affirmative defenses in its motion for summary judgment, *see MSJ Mot.* 19:5-21:12; *Mot.* 18:11-16, in opposing the motion, Sirius XM did not assert any defenses to the performance allegations. *MSJ Opp.* at 6:12, n.2.[1] Instead, in a footnote, Sirius XM noted that Flo & Eddie failed to fully address all of its affirmative defenses and stated that "Sirius XM reserves its affirmative defenses[.]" *Id.* While failure to consider material facts presented to the Court in resolving legal issues is a ground for reconsideration under L.R. 7-18, failure to consider existing facts or argument that were never before the Court is not.

Accordingly, the Court DENIES the motion for reconsideration so far as it is based on this Court's failure to rule on affirmative defenses that were not presented to it in the summary judgment briefing.

D. Sanctions

Although Sirius XM's motion for reconsideration was unsuccessful, the Court concludes that Sirius XM did not act recklessly or in bad faith in bringing the motion or the arguments within it such that sanctions are appropriate under § 1927 or the Court's inherent power.

The Court denied much of the motion because Sirius XM failed to appreciate the particular grounds on which a motion for reconsideration is appropriate pursuant to the Central District of California's Local Rules. *See Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (explaining that a district court has the discretion to adopt local rules with the force of law). Sirius XM did try to fit its arguments within some general federal case law on reconsideration motions, *see Mot.* 2:26-4:5, and hoped that the Court would be amenable to considering theories that Sirius XM's prior counsel did not assert at summary judgment. This motion is more fairly characterized as a long-shot than a piece of harassment.

The Court did not analyze Sirius XM's new public performance theories on the merits because that analysis was not appropriate under the local rules; therefore, the Court will not consider issuing sanctions on those unexamined arguments.

Lastly, regarding the commerce clause argument, contrary to Flo & Eddie's assertion, Sirius XM did not "give the impression that [New York District Court] Judge McMahon had adopted Sirius XM's view of the dormant Commerce Clause" by failing to mention her ultimate

---

[1] Sirius XM did present a fair use defense to Flo & Eddie's "reproduction" charge, but the Court did not rule on the reproduction allegations due to genuinely disputed issues of material fact. *See id.* at 24:21-25:23; *September 22, 2014 Order* at 11-12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5693 PSG (Rzx) | Date | February 19, 2015 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Sirius XM Radio, Inc. | | |

ruling in its Notice of Motion and relegating her unfavorable reasoning to a footnote. *See Opp.* 12:18-27. The Court readily discerned the reasoning and result of the New York Ruling from Sirius XM's briefing and was not misled by the structure of Sirius XM's advocacy.

In addition to its attempt to succeed before this Court, Sirius XM also suggests that it believed it could preserve issues for appeal by presenting them in a reconsideration motion. *See Reply* 3:15-18, 12:10-14. The Court concludes that Sirius XM had legitimate objectives in bringing this motion for reconsideration and articulated intelligible theories in the portions of the motion that the Court relied upon, so Sirius XM did not act recklessly or in bad faith for the purpose of harassment. Accordingly, the Court DENIES Flo & Eddie's request for sanctions.

IV.   Conclusion

For the foregoing reasons, the Court DENIES Sirius XM's motion for reconsideration.

**IT IS SO ORDERED.**