DANIEL M. PETROCELLI (S.B. #97802)
 dpetrocelli@omm.com
ROBERT M. SCHWARTZ (S.B. #117166)
 rschwartz@omm.com
VICTOR H. JIH (S.B. #186515)
 vjih@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Suite 700
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Attorneys for Defendant
Sirius XM Radio Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLO & EDDIE, INC., a California corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIRIUS XM RADIO INC., a Delaware corporation; and DOES 1 through 10,<br><br>Defendants. | Case No. CV 13-05693 PSG (RZx)<br><br>**DISCOVERY MATTER**<br><br>**SIRIUS XM'S *EX PARTE* APPLICATION FOR ORDER REQUIRING PLAINTIFF FLO & EDDIE, INC. TO LODGE CONFIDENTIAL DOCUMENTS CONDITIONALLY UNDER SEAL; AND/OR IN THE ALTERNATIVE, AN ORDER SHORTENING TIME ON SIRIUS XM'S MOTION FOR A REVISED PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND DECLARATION OF MADHU POCHA**<br><br>**[PROPOSED] ORDER LODGED HEREWITH** |

TO PLAINTIFF AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Sirius XM Radio Inc. ("Sirius XM") hereby applies to this Court on an *ex parte* basis pursuant to Local Rule 7-19 in the above-captioned matter for: (1) an order requiring plaintiff Flo & Eddie, Inc. ("Flo & Eddie") to lodge conditionally under seal pursuant to Local Rule 79-5 any materials that plaintiff intends to file with its Motion for Class Certification, due on March 16, 2015, that have been designated as "Confidential" in any of the Flo & Eddie actions, or in the alternative, and/or (2) an order shortening time to hear Sirius XM's Motion for a Revised Protective Order.

This application is made pursuant to Federal Rules of Civil Procedure 26 on the grounds that: (1) Flo & Eddie is threatening to disclose commercially-sensitive and non-public materials in its Motion for Class Certification that have been designated as "Confidential" pursuant to the stipulation of the parties in the above-entitled action and the stipulated protective orders entered in related actions brought by plaintiff in federal court in New York and Florida; (2) plaintiff refuses to lodge any materials to be filed with its Motion for Class Certification conditionally under seal pending a determination by this Court of Sirius XM's Motion for a Revised Protective Order; (3) plaintiff's refusal to do so is intended to harass Sirius XM and threaten its business with competitive harm.

This application is made on an *ex parte* basis because a regularly-scheduled noticed motion would not be heard before March 16, 2015, the date plaintiff must file its Motion for Class Certification. Because there is insufficient time to comply with the time requirements set forth in Local Rule 37 and plaintiff is threatening to disclose confidential discovery materials on March 16, 2015, Sirius XM respectfully requests that the Court grants its request for relief.

Pursuant to Local Rules 7-19 and 7-19.1 and this Court's Standing Order, Sirius XM gave proper notice of this *ex parte* application to plaintiff on March 9,

2015. (*See* Declaration of Madhu Pocha ("Pocha Decl.") ¶ 8.) Plaintiff has informed Sirius XM that it will oppose this application. (*Id.* ¶ 8.)

Pursuant to Local Rule 7-19, the names, address, and telephone numbers for plaintiff's counsel are:

> GRADSTEIN & MARZANO, P.C.
> HENRY GRADSTEIN (State Bar No. 89747)
> hgradstein@gradstein.com
> MARYANN R. MARZANO (State Bar No. 96867)
> mmarzano@gradstein.com
> HARVEY W. GELLER (State Bar No. 123107)
> hgeller@gradstein.com
> 6310 San Vicente Blvd., Suite 510
> Los Angeles, California 90048
> T: 323-776-3100
>
> EVAN S. COHEN (State Bar No. 119601)
> esc@manifesto.com
> 1180 South Beverly Drive, Suite 510
> Los Angeles, California 90035
> T: 310-556-9800 F: 310-556-9801

This *ex parte* application is based on this notice and application, the Memorandum of Points and Authorities filed in support hereof, the concurrently filed Declaration of Madhu Pocha and exhibits attached thereto, all pleadings, papers, and records on file with the Court in this matter, and such further arguments or matters as may be presented to the Court.

Dated: March 9, 2015

    DANIEL M. PETROCELLI
    ROBERT M. SCHWARTZ
    VICTOR H. JIH
    O'MELVENY & MYERS LLP

By: /s/ Daniel M. Petrocelli
    Daniel M. Petrocelli
Attorneys for Sirius XM Radio Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

Sirius XM seeks *ex parte* relief because, earlier *today*, plaintiff informed Sirius XM that on March 16, 2015, plaintiff intends to publicly disclose confidential discovery materials as part of its evidence in support of its Motion for Class Certification. Plaintiff has stated its intention to do so even though there exists a stipulated protective order that the parties signed in the Flo & Eddie California action, and even though there exist two protective orders that were entered in the Flo & Eddie New York and Florida actions, which cover plaintiff's intended use of this confidential material. This application is necessary because plaintiff will not agree to file their supporting class certification materials on March 16 conditionally under seal, pursuant to Local Rule 79-5, while the Court considers Sirius XM's motion for protective order in the ordinary course.

As the Court may recall, the parties previously submitted a stipulated protective order for the California action. Because plaintiff filed three lawsuits addressing the same legal issues, the parties agreed to share discovery across the matters. To that end, the parties agreed to the same stipulated protective order in each case. The protective order was entered by the courts in the New York and Florida actions, but this Court declined to enter the order. (Dkt. 96.)

After the Court denied the proposed protective order, current counsel was engaged to represent Sirius XM in the California, New York, and Florida actions. To address the lack of a protective order, counsel engaged in a lengthy meet and confer process, beginning in early December 2014. From December to February 2015, Sirius XM had multiple conversations with plaintiff, both in person and over the phone, to attempt to agree on a revised protective order that would address this Court's concerns with the prior version. (Pocha Decl. ¶¶ 3-5.) Plaintiff objected to those drafts but refused to provide edits to any of the drafts to indicate what alternative language would satisfy its concerns. (*Id.*) Finally, on February 18, 2015, plaintiff informed Sirius XM that <u>no</u> stipulation would ever be acceptable if it

were not the same as what the parties previously submitted, even though the Court had already rejected it:

> MR. GELLER: Excuse me, Victor. You have sent me multiple drafts that are unacceptable.
>
> MR. JIH: Okay. Well, I don't think we got a response from you saying, until now, that it's unacceptable. Are we going to receive comments, or is it just it's unacceptable?
>
> MR. GELLER: This is the third draft. This is the third draft you have sent me. Twice I have explained to your firm why it's unacceptable. I'll do it on the third one as well.
>
> MR. JIH: Okay. Are you going to propose something that would be acceptable to you?
>
> MR. GELLER: I have explained, in the meet and confer, why what you're proposing is not acceptable. What was acceptable to us was the protective order in the first instance, the one that Judge Zarefsky rejected.
>
> MR. JIH: So the only thing that's acceptable to you is what Judge Zarefsky rejected?
>
> MR. GELLER: Unless you guys have a better solution.
>
> MR. JIH: Okay, but you don't have an alternative solution?
>
> MR. GELLER: No.

(*Id.* ¶ 6, Ex. A.) Plaintiff's counsel also informed Sirius XM that they intended to file unspecified confidential material publicly with the class certification filing on March 16, 2015, and that it was Sirius XM's problem to deal with not theirs. (*Id.*

SIRIUS XM'S *EX PARTE* APP. RE: PROTECTIVE ORDER MOTION

1  ¶¶ 6-8.) By then, it was already too late for the parties to comply with the Joint
2  Stipulation process and to have any motion heard and resolved by March 16, 2015.
3       In light of counsel's comments, Sirius XM began preparing a Joint
4  Stipulation for its Motion for a Revised Protective Order pursuant to Local Rule 37-
5  2, along with the necessary supporting declarations and exhibits. (Pocha Decl. ¶ 7.)
6  Sirius XM finalized its portion of the Joint Stipulation and sent it to plaintiff on
7  March 9, 2015, thereby starting the 7-day deadline for plaintiff to respond.
8       Plaintiff has now forced Sirius XM to file this *ex parte* application because
9  plaintiff refuses to conditionally lodge any confidential materials to be filed with its
10  Motion for Class Certification under seal pending completion of the Joint
11  Stipulation and resolution of Sirius XM's Motion. Sirius XM respectfully requests
12  that the Court grant Sirius XM's *ex parte* application for: (1) an order requiring
13  plaintiff Flo & Eddie, Inc. ("Flo & Eddie") to lodge conditionally under seal
14  pursuant to Local Rule 79-5 any materials that plaintiff intends to file with its
15  Motion for Class Certification, due on March 16, 2015, that have been designated
16  as "Confidential" in any of the Flo & Eddie actions, and/or, in the alternative, (2) an
17  order shortening time to hear Sirius XM's Motion for a Revised Protective Order
18  on any schedule the Court deems appropriate.

SIRIUS XM'S *EX PARTE* APP. RE:
PROTECTIVE ORDER MOTION

| | |
|---|---|
| 1 | Good cause exists to grant this *ex parte* application, because otherwise |
| 2 | commercially-sensitive materials that were produced to plaintiff in the California, |
| 3 | New York, and Florida actions on the condition that they would be treated |
| 4 | confidentially, will be publicly disclosed. Courts require that "commercial |
| 5 | information not be revealed or be revealed only in a specified way," FED. R. CIV. P. |
| 6 | 26(c)(1)(G), to help prevent the "harmful side effects of [disclosures of sensitive |
| 7 | information] such as the risk that disclosure will result in competitive harm." |
| 8 | *Nutratech, Inc. v. Syntech Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007). |

Dated: March 9, 2015

DANIEL M. PETROCELLI
ROBERT M. SCHWARTZ
VICTOR H. JIH
O'MELVENY & MYERS LLP

By: /s/ Daniel M. Petrocelli
      Daniel M. Petrocelli

Attorneys for Sirius XM Radio Inc.