GRADSTEIN & MARZANO, P.C.
HENRY GRADSTEIN (State Bar No. 89747)
hgradstein@gradstein.com
MARYANN R. MARZANO (State Bar No. 96867)
mmarzano@gradstein.com
6310 San Vicente Blvd., Suite 510
Los Angeles, California 90048
T:  323-776-3100

SUSMAN GODFREY L.L.P.
STEPHEN E. MORRISSEY (187865)
smorrissey@susmangodfrey.com
STEVEN G. SKLAVER (237612)
ssklaver@susmangodfrey.com
KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
T:  310-789-3100 F: 310-789-3150

[Additional Counsel for Plaintiff on Signature Page]
*Attorneys for Plaintiff FLO & EDDIE, INC. and the Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| FLO & EDDIE, INC., a California corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIRIUS XM RADIO INC., a Delaware corporation; and DOES 1 through 10,<br><br>Defendant. | Case No. CV13-05693 PSG (GJSx)<br><br>**REPLY IN SUPPORT OF MOTION BY PLAINTIFF FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**<br><br>Date: May 8, 2017<br>Time: 1:30 p.m.<br>Place: Courtroom 6A |

4913065v1/015185

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................1

II. CLASS COUNSEL SEEKS 30% OF THE SETTLEMENT WHICH IS REASONABLE IN LIGHT OF THE LEGAL SERVICES PROVIDED TO DATE AND ONGOING WORK ..........................................3

III. RECENT CASE DEVELOPMENTS HIGHLIGHT THE SIGNIFICANT RISKS UNDERTAKEN BY CLASS COUNSEL AND THE VALUE OF THEIR EFFORTS ON BEHALF OF THE CLASS ..................................................................................................................5

IV. CLASS COUNSEL SEEK RECOVERY OF REASONABLE COSTS AND EXPENSES WHICH THEY CONTINUE TO INCUR ..........................6

V. CONCLUSION ......................................................................................................7

4913065v1/015185

## I. INTRODUCTION

Class Counsel submits this reply in support of its motion for fees and costs—a motion that received no objection or opposition from any Class member and which remains reasonable and appropriate given the favorable result achieved and the unique ongoing uncertainties and work associated with this matter.

This is an extraordinary case in which Plaintiffs, through Class Counsel, secured a settlement that allows for the first time in history a class of owners to recover for performance of pre-1972 sound recordings. As detailed in Class Counsel's opening brief, Dkt. 666 (Class Counsel's "Fee Motion" or "opening motion"), Class Counsel obtained this settlement and litigated this case to the eve of trial in a skillful and efficient manner, despite considerable risk. Notably, not one of the Class Members has objected to Class Counsel's Fee Motion.[1] This is a testament to the reasonableness of Class Counsel's request and the result achieved by Class Counsel.[2]

As discussed in the Fee Motion, the requested fee of 30% is manifestly fair and reasonable. A 30% fee is consistent with the percentages awarded in comparable cases. As applied to the current guaranteed $25.5 million cash benefit, a 30% award would amount to $7.65 million. This amount is lower than Class

---

[1] Class Counsel's request of 30% is less than the amount disclosed to Class Members in the Court-approved notice to the class. Class Counsel's Motion for Preliminary Approval, Dkt. 666-1, and the Court-approved class notice, Dkt. 686-4, provided notice of Class Counsel's intention to seek "an award of attorney's fees of up to one-third from the Settlement." *See, e.g.,* Dkt. 684-4 at Page 5 of 303.

[2] The purported amici brief pursuant to which various entities—including former putative Class members who opted out of this case—seek leave to file regarding the settlement also does not take issue with Class Counsel's request for fees and costs. Dkt. 681. As outlined in Plaintiffs' Opposition, the amici petitioners have no standing, in any event, to object to or interfere with the proposed class settlement. Dkt. 687.

1

4913065v1/015185

Counsel's current lodestar.[3]

At the same time, recent developments underscore the substantial benefit to the Class of the settlement obtained by Class Counsel; the large investment made and the significant risks undertaken by Class Counsel; and the future work still required to administer the terms of the settlement. Specifically:

- The settlement, which was reached after years of hard-fought litigation, extensive negotiations, and on the eve of trial, provides the Class with an exceptional recovery – for the first time allowing a class of owners to recover for performance of pre-1972 sound recordings. The settlement provides a guaranteed $25,500,000 million in cash benefits, which could increase to over $73 million through additional cash payments and a royalty program. *See* Dkt. 686-2 ¶ 22-23.

- To date, Class Counsel has invested $8,727,094.80 in time and $1,679,587.55 in expenses in the cases against Sirius XM on a purely contingent basis. Indeed, the lodestar in this case exceeds Class Counsel's fee request.

- Class Counsel seeks a total of $1,679,587.55 in costs incurred to date, which includes an additional $146,037.56 in costs incurred since the filing of its opening motion seeking fees and costs.

- As described below, since the filing of its opening motion, Class Counsel has continued to expend time and resources in implementing class notice, updating the class action website, overseeing administration of the settlement process, and seeking final approval of the settlement. Class Counsel also has continued to litigate underlying issues related to the

---

[3] Class Counsel also requests 30% of any additional sums paid under the Settlement by Sirius XM depending on outcomes in California and New York, and any going forward royalties, if and when earned by Class members.

2

4913065v1/015185

existence of a public performance right for pre-1972 sound recordings in appellate proceedings in New York and Florida. As a result, Class Counsel's lodestar has increased by $370,217.00 for work from November 30, 2016 and April 20, 2017 (excluding work performed on its motion for attorneys' fees).

- The substantial risk borne by Class Counsel in pursuing these actions for pre-72 sound recordings against Sirius XM is highlighted by the recent ruling of the New York Court of Appeals, which found no right of public performance under New York common law. Despite the possibility of recovering nothing, Class Counsel undertook these actions and continues to advocate vigorously on behalf of the Class in multiple jurisdictions.

For the reasons described in its opening motion and supplemented by this reply, Class Counsel seeks 30% -- or $7.65 million — in fees of the $25.5 million in guaranteed benefits awarded to the Class as part of the settlement, along with 30% of any additional sums paid under the Settlement by Sirius XM depending on outcomes in California and New York and any going forward royalties, if and when earned by Class members. Class Counsel also seeks reimbursement of $1,679,587.55 for costs and expenses incurred through April 20, 2017.[4]

## II. **CLASS COUNSEL'S FEE REQUEST OF 30% OF THE SETTLEMENT IS REASONABLE IN LIGHT OF THE LEGAL SERVICES PROVIDED TO DATE AND ONGOING WORK.**

As described in its opening brief, Dkt 670, Class Counsel's work on behalf of a class of owners of pre-72 sound recordings represented a herculean task – from

---

[4] Class Counsel's opening brief requested reimbursement of $1,533,549.99 of expenses. As discussed below, Class Counsel has continued to incur out-of-pocket expenses since filing its opening brief, and requests herein that such additional expenses be reimbursed.

3

4913065v1/015185

developing and pursuing the legal strategy for establishing a performance right for pre-72 sound recordings as an issue of first impression, to securing class certification, to preparing for trial before eventually reaching the proposed classwide settlement.  Subsequent to the filing of Class Counsel's Fee Motion, Class Counsel has continued to dedicate substantial time and incur additional expenses to further benefit the Class:  In the California action, Class Counsel prepared and filed motions with this Court for preliminary and final approval of the class settlement, responded to Sirius XM's statement regarding preliminary approval, and submitted an Opposition to the motion by non-Class members to file an amicus brief.  *See* Supplemental Declaration of Henry Gradstein in Support of Fee Motion ("Gradstein Decl.") at ¶ 2.

Class Counsel also has worked extensively with the Royalty Administrator Music Reports Inc. ("MRI") to develop the database and website for Class members to claim their pro-rata share of the Settlement Fund.  Gradstein Decl. at ¶ 3.  Class Counsel has also worked extensively with Garden City Group ("GCG"), the Administrator, to develop the class action website, provide notice to Class members, and update the Class with additional information as the case has progressed.  *Id*.  Class Counsel has also had numerous communications with Class members regarding the status of the settlement.  *Id*.

In the New York proceedings, Class Counsel prepared and filed the letter brief as requested by the Second Circuit regarding the ruling by the New York Court of Appeals, and submitted as well as a supplemental letter brief.  In the Florida proceedings, Class Counsel prepared and filed the reply brief with the Florida Supreme Court and prepared for and argued the appeal before the Florida Supreme Court on April 6, 2017.  Gradstein Decl. at ¶ 2.

The additional work by Class Counsel has further increased the lodestar in these matters to $8,727,094.80 – which includes $370,217 in additional time

4

incurred since the filing of Class Counsel's original motion for fees. *See* Supplemental Declaration of Steven Sklaver in Support of Fee Motion ("Sklaver Decl.") at ¶ 4. The lodestar thus is greater than the $7.65 million Class Counsel seeks as a percentage of the current cash payment amount of $25.5 million. Class Counsel's fees would increase should Plaintiff's prevail on the existence of a performance right in California and Florida on appeal.   Class Counsel also seeks a 30% fee on any future royalties collected by the class but only when, if and after such royalties are collected.

Given the complexities of the settlement and its appellate contingencies, Class Counsel's work will continue for quite some time following the Court's determination of whether to grant final approval of the settlement. Administration of the Settlement Fund will require Class Counsel to continue to work with the Administrator GCG and the Royalty Administrator MRI and field questions from Class members. Class Counsel will be involved in implementing the future royalty program contemplated under the Settlement Agreement. Additionally, Class Counsel will remain available to address issues arising from the forthcoming ruling by the Florida Supreme Court and to litigate any further proceedings in the Eleventh Circuit. Finally, as envisioned by the Settlement Agreement, Class Counsel will need to prepare, brief and argue Sirius XM's appeal from this Court's summary judgment ruling, both in the Ninth Circuit and potentially in the California Supreme Court. Gradstein Decl. at ¶ 4.

### III. <u>RECENT DEVELOPMENTS HIGHLIGHT THE SIGNIFICANT RISKS UNDERTAKEN BY CLASS COUNSEL AND THE VALUE OF THEIR EFFORTS ON BEHALF OF THE CLASS</u>

Class Counsel pursued this case on a pure contingency basis with the attendant risk of no recovery. That risk was particularly acute here on an issue this Court has recognized as one of first impression and given the differing legal paths

5

available in different jurisdictions.

Shortly after the motion for preliminary approval was granted by this Court, the New York Court of Appeals held that a right of public performance does not exist under New York common law and the Second Circuit Court of Appeals directed summary judgment in favor of Sirius XM on Flo & Eddie's claims in that jurisdiction. Class Counsel's ability to obtain a settlement that guarantees the Class a recovery of at least $25.5 million against this backdrop of legal uncertainty, and their willingness to face the risks associated with that uncertainty through the eve of trial to obtain the best result possible for the Class, further demonstrates the appropriateness of the fee request here. Even with the adverse New York ruling, the guaranteed $25.5 million in cash payments by Sirius XM could increase to $35,500,000. The Settlement also creates a royalty program for Sirius XM to pay the Class up to an additional $37.68 million. Dkt. 686-1. Class Counsel will continue to risk their time to pursue those additional recoveries on behalf of the Class, and they will be further compensated only if their efforts are successful.

## IV. CLASS COUNSEL SEEKS RECOVERY OF REASONABLE COSTS AND EXPENSES, WHICH THEY CONTINUE TO INCUR.

Class Counsel also requests reimbursement in the amount of $1,679,587.55 for out-of-pocket expenses reasonably and necessarily incurred in connection with this litigation. Class Counsel outlined various costs incurred during the pendency of this action and the parallel cases in New York and Florida. Dkt. 672. Since that time, Class Counsel has expended an additional $146,037.56 on appellate specialists who assisted with preparation for oral argument before the Florida Supreme Court, damages experts to help quantify the value of the settlement to the Class, and research done in preparing the motion for final approval of the settlement. *See* Sklaver Decl. at ¶¶7-9; Gradstein Decl. at ¶ 7. As the work in this matter continues, including any future expenses for administration of the settlement

4913065v1/015185

and going-forward royalty, Class Counsel reserves the right to seek additional reimbursement of costs in the future.

## V. CONCLUSION

For each of the foregoing reasons, Class Counsel respectfully submits the Court should approve the fee application and award Class Counsel attorneys' fees in the amount of $7.65 million in fees (30%) of the $25.5 million in guaranteed cash payments awarded, along with 30% of any additional sums paid under the Settlement by Sirius XM including future royalties paid to the Class. Class Counsel further submits that the Court should grant Class Counsel's request for reimbursement of $1,679,587.55 in litigation costs and expenses, and grant incentive awards of $25,000 to each of Flo & Eddie's principals, Howard Kaylan and Mark Volman, to compensate them for their efforts supporting this litigation since the inception of this case in 2013.

DATED: April 24, 2017

GRADSTEIN & MARZANO, P.C.
Henry Gradstein
Maryann R. Marzano

SUSMAN GODFREY L.L.P.
Stephen E. Morrissey
Steven G. Sklaver
Kalpana Srinivasan

SUSMAN GODFREY L.L.P.
Rachel S. Black, *Admitted PHV*
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Fax: (206) 516-3883
rblack@susmangodfrey.com

SUSMAN GODFREY L.L.P.
Michael Gervais, *Admitted PHV*
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Telephone: (212) 729-2015
Fax (212) 336-8340

7

mgervais@susmangodfrey.com

By: /s/Steven G. Sklaver
       Steven G. Sklaver
       *Co-Lead Class Counsel*