GRADSTEIN & MARZANO. P.C.
HENRY GRADSTEIN (89747)
hgradstein@gradstein.com
MARYANN R. MARZANO (96867)
mmarzano@gradstein.com
6310 San Vicente Blvd.. Suite 510
Los Angeles. California 90048
T: 323-776-3100

SUSMAN GODFREY L.L.P.
STEPHEN E. MORRISSEY (187865)
smorrissey@susmangodfrey.com
STEVEN G. SKLAVER (237612)
ssklaver@susmangodfrey.com
KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
T: 310-789-3100 F: 310-789-3150

[Additional Counsel for Plaintiff on Signature Page]
*Co-Lead Class Counsel*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| FLO & EDDIE, INC., a California corporation, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SIRIUS XM RADIO, INC., a Delaware corporation; and DOES 1 through 10,<br><br>    Defendants. | Case No. 2:13-cv-05693-PSG-GJS<br><br>**[PROPOSED] ORDER AND FINAL JUDGMENT** |

4885338v1/015185

WHEREAS Plaintiff Flo & Eddie, Inc. ("Plaintiff," for itself and on behalf of the proposed Settlement Class, entered into a Stipulated Class Action Settlement (the "Stipulation," together with the Exhibits annexed thereto, the "Settlement") with Defendant Sirius XM Radio Inc. ("Sirius XM" or "Defendant").

WHEREAS, on January 27, 2017 the Court entered its Order granting preliminary approval of the proposed settlement ("Preliminary Approval Order") (Dkt. #676). The Preliminary Approval Order, among other things, authorized Plaintiff to disseminate Notice of the Settlement, the Final Approval Hearing, and related matters to the Class. Notice was provided to the Class pursuant to the Preliminary Approval Order on February 6, 2017, and the Court held a Final Approval Hearing on May 8, 2017 at 1:30 p.m., at which time all interested persons were afforded the opportunity to be heard.

WHEREAS, this Court has duly considered Plaintiff's motion, all papers and evidence submitted in connection therewith, the Stipulation, and all of the submissions and arguments presented at the Final Approval Hearing with respect to the proposed Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.    The capitalized terms used herein shall have the meanings set forth in the Settlement, Exhibit 1 to the Declaration of Steven G. Sklaver in Support of Preliminary Approval of Settlement (Dkt. #666-4).

2.    This Court has jurisdiction over the subject matter of the above-captioned action ("Action") and over all settling Parties and all members of the Settlement Class.

3.    The Notice provided for and given to the Settlement Class: (i) was provided and made in full compliance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted

4885338v1/015185

notice that was reasonably calculated to apprise the Settlement Class of the terms of Settlement, of the proposed distribution plan, of Class Counsel's application for an award of attorney's fees, costs and expenses incurred in connection with the Action, of Settlement Class Members' right either to request exclusion from the Settlement Class or to object to the Settlement, the plan of allocation, or Class Counsel's application for an award of attorney's fees, costs and expenses, and application for an incentive award Plaintiff, and of the right of Settlement Class Members to appear at the Final Approval Hearing; (iv) constituted due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed Settlement; (v) was the best notice practicable under the circumstances; and (vi) fully satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause of the Fifth Amendment to the Constitution), and all other applicable law and rules.

4. The Court has considered any objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.

5. In light of the substantial benefits provided to the Settlement Class by the Settlement, the complexity, expense and possible duration of further litigation of the Action, including any possible appeals, the risks of establishing liability and damages, and the costs of continued litigation, the Court hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects, and finds that the Settlement is in all respects fair, reasonable and adequate, and in the best interests of Plaintiff, the Settlement Class, and the Settlement Class Members. This Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations by highly experienced counsel representing the interests of their respective settling Parties.

2

6.      The one entity that timely and validly requested exclusion from the Settlement Class identified in the Declaration of Eric Kierkegaard,·filed on April 10, 2017, is excluded. The entity (Gusto Records, Inc.) is neither included in nor bound by this Order and Final Judgment and is not entitled to any recovery from the settlement proceeds (including not being entitled to any recovery from the Settlement Fund or Royalty Program) obtained through this Settlement.

7.      With the exception of the California Appeal and Florida Appeal and for any actions necessary to enforce the Settlement, during the Term, the institution and prosecution, by any Settlement Class Member, either directly, individually, representatively, derivatively or in any other capacity, by whatever means, of any other action against the Covenantees in any court, or in any agency or other authority or arbitral or other forum wherever located, asserting any of the claims in Paragraph III.D (Covenant Not to Sue) of the Stipulation is barred, enjoined and restrained.

8.      The Administrator is authorized to distribute from the Settlement Fund to Settlement Class Members the amounts that Class Counsel and the Administrator have determined are owed to each Settlement Class Member under the terms of the approved plan of allocation.

9.      The Royalty Administrator is authorized to distribute from the Royalty Fund to Settlement Class Members from time to time the amounts that Class Counsel and the Royalty Administrator have determined are owed to each Settlement Class Member under the terms of the approved Royalty Program.

10.      Settlement Class Members are permanently barred, enjoined and restrained from making any claims against the Settlement Fund and Royalty Fund, and all persons, including the Administrator, Royalty Administrator, Plaintiff and Class Counsel and Defendant and Defendants' counsel, involved in the processing

4885338v1/015185

of distributions from the Settlement Fund and Royalty Program are released and discharged from any claims arising out of such involvement.

11.     Pursuant to Federal Rule of Civil Procedure 53, the Court hereby appoints Magistrate Judge _____ to serve as Special Master for the specific role provided for in Section VI.C of the Stipulation. Any specific challenge to ownership or control must be brought within one hundred and twenty (120) days after a claimant has made a claim to a specific Identified Pre-1972 Sound Recording(s) or one hundred and twenty (120) days after another party has made a conflicting claim to specific Identified Pre-1972 Sound Recording, whichever comes later. All decisions by the Special Master may be appealed to the Court.

12.     Neither the Settlement, nor any act performed or document executed pursuant to the Settlement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

13.     The Settlement Fund Escrow Account and Royalty Fund Escrow Account established by Plaintiff and Sirius XM, are each approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

14.     Plaintiffs are authorized to pay from the escrow account established in Section VII of the Stipulation all reasonable Notice and administrative costs to the Administrator and Royalty Administrator, including all costs and expenses incurred and expected to be incurred by the Administrator and Royalty Administrator, and all costs and expenses incurred to date.

15.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and covenants delivered in

connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16.     The Action is dismissed with prejudice as to Sirius XM and, except as provided in Section VII of the Stipulation, without costs to either party.

17.     This Court has previously granted summary judgment in favor of Plaintiff and against Sirius XM on the Performance Right Issue and the Commerce Clause Issue. *See e.g.*, Dkt. 117 (Order granting Plaintiff s Motion for Summary Judgment); Dkt. 175 (Order denying Motion for Reconsideration). A bona fide justiciable dispute remains between the Parties as to the Performance Right Issue and the Commerce Clause Issue that neither Party has waived by entering into the Settlement. The Parties retain all procedural and substantive rights to proceed with the Florida Appeal and any further proceedings to the United States Supreme Court, and, except for Sirius XM's agreement not to appeal this Court's class certification rulings, to proceed with the California Appeal and any further proceedings to the United States Supreme Court, to resolve those two discrete issues. This limited agreement gives both Sirius XM and Plaintiff a considerable financial stake in the appellate resolution of these two questions.

a.     In the event that Plaintiff Prevails on the Performance Right Issue in the California Appeal and/or Florida Appeal, Sirius XM shall pay into the Settlement Fund Escrow Account an additional five million dollars ($5 million) per appeal, for a total up to ten million ($10 million) dollars.

b.     In the event that Sirius XM Prevails on the Performance Right Issue in the California Appeal and/or Florida Appeal, the royalty rate that Sirius XM must pay pursuant to the Royalty Program shall be reduced by 2% points per appeal (e.g., from 3.5% to 1.5%), except that the reduction shall be 1.5% for the Florida Appeal (e.g., from 3.5% to 2.0%).

c. In the event that Sirius XM Prevails on the Commerce Clause Issue in the Eleventh Circuit, Ninth Circuit, or United States Supreme Court, then Sirius XM's going-forward royalty obligations to eligible Settlement Class Members pursuant to the Royalty Program shall immediately terminate. In such an event, the termination of Sirius XM's royalty obligation shall be prospective only and no funds previously disbursed to Settlement Class Members under the Royalty Program shall revert back to Sirius XM.

d. In the event that Sirius XM Prevails on the Commerce Clause Issue in the Eleventh Circuit or Ninth Circuit, but Plaintiff Prevails in the United States Supreme Court on the Commerce Clause Issue, then the termination of Sirius XM's royalty obligation shall be null and void and Sirius XM shall pay all royalty obligations owed to eligible Class Members under the Royalty Program from January 1, 2018 through January 1, 2028.

18. The resolution of the Performance Right Issue and/or Commerce Clause Issue in the California Appeal, New York Appeal and/or Florida Appeal, shall not operate to terminate the Settlement and, regardless of the pendency and outcome of those two issues in these appeals, Sirius XM's obligation to fund the $25 million Settlement Payment shall be in full force and effect as set forth in the Stipulation and those funds may be disbursed from the Settlement Fund Escrow Account pursuant to its terms.

19. A separate order shall be entered regarding Class Counsel's application for attorneys' fees and payment of expenses and incentive awards as allowed by the Court. A separate order shall be entered regarding the proposed plan of allocation. Such orders shall in no way disturb or affect this Judgment and shall be considered separate and apart from this Judgment.

20. Without further order of the Court, the settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

[PROP.] ORDER AND
FINAL JUDGMENT

4885338v1/015185

21.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Class Member's claim an any award or distribution of the Settlement Fund and/or the Royalty Program; (iii) disposition of the Settlement Fund and Royalty Fund; (iv) hearing and determining applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all settling Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

22.     The Court finds that this Judgment adjudicates all the claims, rights and liabilities of the Parties, is final and shall be immediately appealable.

23.     There is no just reason for delay in the entry of this Judgment and the Court directs immediate entry by the Clerk of the Court.

**IT IS SO ORDERED.**

DATED: 5/16/17

By: PHILIP S. GUTIERREZ
PHILIP S. GUTIERREZ
United States District Judge

7

4885338v1/015185